JOHN L. BURRIS, Esq., SBN 69888
LATEEF GRAY, Esq., SBN 250055
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:  (510) 839-5200
Facsimile:   (510) 839-3882
john.burris@johnburrislaw.com
lateef.gray@johnburrislaw.com

Attorneys for Plaintiff
JASON ANDERSON

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ANDERSON,<br><br>                    Plaintiff,<br><br>     vs.<br><br>CITY OF VALLEJO, a municipal corporation; ROBERT HERNDON, individually and in his capacity as a Police Corporal for the Vallejo Police Department; JAMES MELVILLE, individually and in his capacity as a Officer for the Vallejo Police Department; JOSEPH COELHO, individually and in his capacity as a Officer for the Vallejo Police Department; and DOES 1-50, inclusive, individually, jointly and severally,<br><br>                    Defendants. | CASE NO.:<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C. Section 1983 and pendent tort claims)<br><br><u>JURY TRIAL DEMANDED</u> |

## INTRODUCTION

1. This is an action for damages brought pursuant to Title 42 U.S.C. §§ 1983 and 1988,

COMPLAINT FOR DAMAGES - 1

and the Fourth and Fourteenth Amendments to the United States Constitution, under California Civil Code Section § 52.1 and under the common law of California.  This action is against Corporal Robert Herndon, Officer James Melville, Officer Joseph Coelho, and DOES 1-50.

2. It is also alleged that these violations and torts were committed during the course and scope of the above-mentioned officers' employment with the City of Vallejo Police Department.

## JURISDICTION

3. This action arises under Title 42 of the United States Code, Section 1983.  Jurisdiction is conferred upon this Court by Title 42 of the United States Code, Sections 1331, 1343 and 42 U.S.C. Section 12188(a). The unlawful acts and practices alleged herein occurred in Vallejo, Solano County, California, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. Section 1367.

## PARTIES

4. Plaintiff JASON ANDERSON ("Plaintiff") has been and is a resident of California and is a United States Citizen.

5. Defendant CITY OF VALLEJO ("City") is a municipal corporation, duly organized and existing under the laws of the State of California. Under its authority, the City operates the Vallejo Police Department.

6. Defendant ROBERT HERNDON ("Defendant Herndon"), was a Police Corporal for the City of Vallejo Police Department, and is sued individually and in his official capacity.

7. Defendant JAMES MELVILLE ("Defendant Melville"), was an officer for the City of Vallejo Police Department, and is sued individually and in his official capacity.

8. Defendant JOSEPH COELHO ("Defendant Coelho"), was an officer for the City of Vallejo Police Department, and is sued individually and in his official capacity.

9. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein.  Plaintiff will amend his complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

10. Plaintiff is required to comply with an administrative tort claim requirement under California law. Plaintiff has exhausted all administrative remedies pursuant to California Government Code Section 910. Plaintiff filed an administrative claim with the City of Vallejo on December 8, 2015. The claim was rejected by the City of Vallejo on January 7, 2016.

## FACTUAL ALLEGATIONS

11. On June 9, 2015, at about 1:50 p.m., Plaintiff, who is easily recognizable as African American, was driving in his work truck on Sonoma Boulevard in Vallejo. At the time, Plaintiff was on his way to make deliveries to AutoLinx Inc, a car dealership on Sonoma Boulevard. While driving, Plaintiff obeyed all traffic laws and did not commit any crimes or infractions.

12. All of a sudden, Defendant Melville pulled up to the side of Plaintiff's truck. Defendant Melville then ordered Plaintiff to pull over. Confused, Plaintiff asked the Defendant officer Melville "why?", as Plaintiff had not committed any crimes or infractions. Defendant Melville responded by telling Plaintiff words to the effect of, "because I said so." Plaintiff thereafter pulled over where it was safe to do so and exited his truck.

13. All of a sudden, Defendants Herndon, Melville, and Coelho began to order Plaintiff to put his hands up. Plaintiff complied with the order and put his hands up. With his hands in the air, Plaintiff told the Defendant officers words to the effect of, "I'm just working." For no legally justifiable reason, Defendant Herndon deployed his taser and tased Plaintiff multiple times. Plaintiff thereafter collapsed, landing on his back.

14. At this point, Plaintiff was incapacitated as a result of to the multiple tasings. The Defendant officers then ordered Plaintiff to roll over, which Plaintiff physically could not do due to being incapacitated from the multiple tasings.

15. Inexplicably, Defendant Herndon then tased Plaintiff again. Without cause, the Defendant officers proceeded to beat Plaintiff about the body with their fists and feet. The Defendant Officers then rolled Plaintiff over onto his stomach and handcuffed him.

16. On the scene, the Defendant officers then forcefully removed the taser prongs from Plaintiff's person. Plaintiff was thereafter transported to Kaiser Permanente and then to the Vallejo Police Department.

17. While enroute to the hospital, Defendant Melville told Plaintiff that there were three shootings in Vallejo the day before and that officers keep finding dead bodies all over the place. Plaintiff incredulously inquired as to how that related to him, as he was simply working and not involved in any such activities.

18. To add further insult to injury, several officers can be heard on an audio recording concocting a story and attempting to develop a legal justification for their unconstitutional conduct.

19. Plaintiff suffered physical injuries and emotional distress as a result of this unjustified, unprovoked and unconstitutional conduct by the Defendant members of the Vallejo Police Department.

20. The actions and omissions of the City and the Defendant Vallejo Police Department Officers was objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their employment as law enforcement officers and/or public officials, and pursuant to unconstitutional customs, policies and procedures of the City and/or other jurisdictions.  The City was also responsible for Plaintiff's injuries through its own acts and omissions, negligent and otherwise, by failing to properly and adequately investigate, train, supervise, monitor, instruct, and discipline its law enforcement officers and/or employees and agents, including the officers and officials described herein.

## DAMAGES

21. As a consequence of Defendants' violations of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourteenth Amendment, Plaintiff was physically, mentally, and emotionally injured and damaged as a proximate result of the excessive force used against him.

22. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law.  Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing parties in this action under 42 U.S.C. §§§§ 1983,

1985-86 and 1988.  Plaintiff is also entitled to punitive damages under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

**FIRST CAUSE OF ACTION**
**Violation of Fourth Amendment of the United States Constitution- Unlawful Detention**
**(42 U.S.C. §1983)**
**(Against Defendants Herndon, Melville, Coelho and DOES 1-25)**

23. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 22 of this Complaint.

24. Defendants' above-described conduct violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures because Defendants lacked the requisite reasonable suspicion to detain Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**Violation of Fourth Amendment of the United States Constitution- Unlawful Seizure**
**(42 U.S.C. §1983)**
**(Against Defendants Herndon, Melville, Coelho and DOES 1-25)**

25. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 24 of this Complaint.

26. Defendants' above-described conduct violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures because Defendants' lacked the requisite probable cause to arrest Plaintiff Anderson.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**Violation of Fourth Amendment of the United States Constitution - Excessive Force**
**(42 U.S.C. §1983)**
**(Against Defendants Herndon, Melville, Coelho and DOES 1-25)**

27. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 26 of this Complaint.

28. Defendants' above-described conduct constituted violations of Plaintiff's rights as provided for under the Fourth Amendment to the United States Constitution.  These rights include but

are not limited to the right to be free from excessive force and/or arbitrary and/or unreasonable use of force against him.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
### (*Monell* - 42 U.S.C. Section 1983)
### (Against Defendants City and DOES 26-50)

29. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 28 of this Complaint.

30. As against Defendants City, and/or DOES 26-50 and/or each of them, individually and/or in their capacities as official policy-maker(s) for City, including the District Attorney's Office, Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of Defendant City tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens, such as Plaintiff.

31. Plaintiff is informed and believes and thereon alleges that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by Defendants City, Herndon, Melville, Coelho, DOES 1-25 and/or each of them, to the repeated violations of the constitutional rights of citizens by Vallejo Police Department officers, which have included, but are not limited to, repeated acts of: making false reports, providing false and/or misleading information in causing detentions, arrests, imprisonments and/or malicious prosecutions based on fabricated and/or misleading statements and/or engaging in similar acts of misconduct on a repeated basis and failure to institute and enforce a consistent disciplinary policy and/or early warning system.

32. Plaintiff is further informed and believes and thereon alleges that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by Defendants City, Officers Herndon, Melville, Coelho, DOES 26-50 and/or each of them, to the repeated violations of the constitutional rights of citizens by the Vallejo Police Department, which have included, but are not limited to, using excessive and/or deadly force on a repeated basis.

33.     Plaintiff is further informed and believes and thereon alleges that the damages sustained as alleged herein were the proximate result of customs, policies and/or practices which included, but were not limited to, the failure to adequately or appropriately hold officers accountable for their misconduct, the failure to properly and fairly investigate complaints about officers' misconduct, the failure to enact or adopt policies to ensure adequate and/or appropriate oversight of officers to prevent continuing violations of the rights of citizens.

34.     The aforementioned deliberate indifference, customs, policies or practices of Defendants City, Herndon, Melville, Coelho, DOES 1-25, and/or each of them, resulted in the deprivation of the constitutional rights of Plaintiff.

35.     As a result of the violation of their constitutional rights by Defendants City, Herndon, Melville, Coelho, and/or DOES 1-25 and/or each of them, Plaintiff sustained the injuries and/or damages as alleged heretofore in this Complaint.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
**(Violation of Civil Code Section 52.1)**
**(Against Defendants Herndon, Melville, Coelho and DOES 1-25)**

36.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 of this Complaint.

37.     Defendants' above-described conduct constituted violations of California Civil Code §52.1.  Under California Civil Code §52.1, individuals have a right to be free from interference with the peaceable exercise and enjoyment of rights guaranteed by the U.S. Constitution and the State of California.

38.     As a result of being arrested and detained by Defendants, Plaintiff was subjected to a violation of his rights of Civil Code Section 52.1.  Thus, Defendants are liable for damages related to violations under Civil Code Section 52.1.

39.     Plaintiff is entitled to injunctive relief and an award of his reasonable attorney's fees pursuant to Civil Code § 52.1(h).

40.     Plaintiff is entitled to treble damages, but in no case less than  $4,000.00 and an award of his reasonable attorney's fees pursuant to Civil Code § 52(a).

41. Under the provisions of California Civil Code §52(b), Defendants are liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees and an additional $25,000.00.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
**(Battery)**
**(Against Defendants Herndon, Melville, Coelho and DOES 1-15)**

42. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41 of this Complaint.

43. Defendants' above-described actions constituted intent to cause fear or apprehension of an unwanted touching of Plaintiff's person without Plaintiff's consent. Defendants' above-described actions also constituted intent to cause an unwanted touching of Plaintiff's person without Plaintiff's consent.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**
**(Against Defendants Herndon, Melville, Coelho and DOES 1-15)**

44. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 43 of this Complaint.

45. By engaging in the above-described conduct, Defendants intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiff would suffer extreme emotional distress as a result of Defendants' conduct. Thus, Defendants are liable for damages related to intentional infliction of emotional distress.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### EIGHT CAUSE OF ACTION
**(Negligence)**
**(Against Defendants Herndon, Melville, Coelho and DOES 1-25)**

46. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 45 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants, and any and all allegations requesting punitive damages.

47. The present action is brought pursuant to section 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, DOES 1-25 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants were acting within the course and scope of their employment and/or agency with Defendant City. As such Defendant City is liable in respondeat superior for the injuries caused by the acts and omissions of the Defendant officers pursuant to section 815.2 of the California Government Code.

48. Defendants negligently and without due care beat and tased Plaintiff without legal justification. Plaintiff was seriously injured as a proximate and direct cause of the Defendants' negligent conduct.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

49. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;
4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
5. For cost of suit herein incurred; and
6. For such other and further relief as the Court deems just and proper.

**Law Offices of John L. Burris**

Dated:  January 20, 2017         __/s/ John L. Burris___
                                  John L. Burris Esq.,
                                  Attorney for Plaintiff

Dated:  January 20, 2017         __/s/ Lateef Gray____
                                  Lateef Gray Esq.,
                                  Attorney for Plaintiff