**CLAUDIA M. QUINTANA**
City Attorney, SBN 178613
**BY:  FRANK A. SPLENDORIO**
Deputy City Attorney, SBN 272601
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA  94590
Tel:     (707) 648-4545
Fax:     (707) 648-4687
E-mail: Frank.Splendorio@cityofvallejo.net

Attorneys for Defendants, CITY OF VALLEJO, ROBERT HERNDON, JAMES MELVILLE, and JOSEPH COELHO

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

| | |
|---|---|
| JASON ANDERSON,<br><br>        Plaintiff,<br><br>    vs.<br><br>CITY OF VALLEJO, a municipal corporation; ROBERT HERNDON, individually and in his capacity as a Police Corporal for the Vallejo Police Department, individually and in his capacity as a Police Corporal for the Vallejo Police Department; JAMES MELVILLE, individually and in his capacity as a Officer for the Vallejo Police Department; JOSEPH COELHO, individually and in his capacity as a Officer for the Vallejo Police Department; and DOES 1-50, inclusive, individually, jointly and severally**,**<br><br>       Defendants. | Case No. 2:17-cv-00137-JAM-DB<br><br><br>**DEFENDANTS CITY OF VALLEJO, ROBERT HERNDON, JAMES MELVILLE AND JOSEPH COELHO'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT [F.R.C.P. 12(b)(6)]**<br><br><br><br>**Date:**        **April 7, 2017**<br>**Time:**        **10:00 a.m.**<br>**Location:**    **27, 8th Floor**<br>**Assigned:**    **Hon. Deborah Barnes** |

       Defendants CITY OF VALLEJO, ROBERT HERNDON, JAMES MELVILLE, and JOSEPH COELHO, (collectively "Defendants") hereby move the court for an order dismissing this matter without leave to amend.

*//*

Case No. 2:17-cv-00137-JAM-DB

DEFENDANTS CITY OF VALLEJO, ROBERT HERNDON, JAMES MELVILLE AND JOSEPH COELHO'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT [F.R.C.P. 12(b)(6)]

-1-

## I.

## APPLICABLE LEGAL STANDARDS

A lawsuit may be dismissed in whole or in part under Rule 12(b)(6) if the complaint fails "to state a claim upon which relief can be granted." (FRCP (12)(b)(6).)  A motion to dismiss for failure to state a claim is appropriate when the dates alleged in the complaint establish that the claim is time-barred.  (*Von Saher v. Norton Simon Museum of Art at Pasadena* (9th Cir. 2010) 592 F.3d 954, 969.)

As will be discussed below, Plaintiff's causes of action five through eight are completely time-barred under California law.

## II.

## PLAINTIFF'S CAUSES OF ACTION FIVE, SIX, SEVEN, AND EIGHT UNDER CALIFORNIA LAW ARE BARRED BY THE GOVERNMENT CLAIMS ACT

The Government Claims Act (Gov. Code, § 900 et seq.) requires that claims for money or damages relating to personal injuries must be presented to the public entity within 6 months of accrual of the incident.  (Gov. Code section 911.2.)  Plaintiff timely complied with this part of the Government Claims Act only.

Here, Plaintiff presented his Government Tort Claim on December 8, 2015, and admits that his claim was rejected on January 7, 2016.  (Complaint, ¶ 10.)  This lawsuit was filed on January 22, 2017.

Once the claim is rejected, however, Plaintiff had only 6 months to file this lawsuit. California Government Code section 945.6 requires that all lawsuits against public entity in California, under California law, must be filed against that entity within 6 months of the claims' rejection.  It reads, in relevant part, that "...any suit brought against a public entity on a cause of action for which a claim is required to be presented . . . must be commenced: (1) If written notice is given in accordance with section 913, not later than six months after the date such notice is personally delivered or deposited in the mail."

Here, Plaintiff did not file this lawsuit until over one year after his claim was rejected, and Plaintiff admitted this fact in his complaint.  (Complaint, ¶ 10.)

---

Case No. 2:17-cv-00137-JAM-DB

**DEFENDANTS CITY OF VALLEJO, ROBERT HERNDON, JAMES MELVILLE AND JOSEPH COELHO'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT [F.R.C.P. 12(b)(6)]**

Despite the fact Plaintiff did not file this lawsuit until over one year after his claim was rejected, he still alleged several causes of action under California law in his Complaint.  Causes of action 5-8 are all based on California law and are therefore subject to the time restrictions under Gov. Code section 945.6.[1]   Therefore, they are time-barred and must be dismissed. *Glorietta Foods, Inc. v. City of San Jose,* 147 Cal.App.3d 835, 838 (1983). Notably, Plaintiff has not alleged any fact that this should not be time barred, effectively conceding this fact.

This Court has jurisdiction and authority to dismiss these actions, as a federal court must dismiss state law claims which failed to comply with the Government Claims Act even if joined with federal civil rights claims.  *Karim-Panahi v. Los Angeles Police Dept*, 839 F.2d 621, 627 (9th Cir. 1988).

## III.

## CONCLUSION

Plaintiff's complaint as to causes of action five through eight is fatally defective and the Defendants ask the court to dismiss them pursuant to FRCP 12(b)(6).

DATED:  March 9, 2017                              Respectfully submitted,


                                                    */s/ - Frank A. Splendorio*
                                                    FRANK A. SPLENDORIO
                                                    Deputy City Attorney
                                                    Attorney for Defendants, CITY OF VALLEJO,
                                                    ROBERT HERNDON, JAMES MELVILLE,
                                                    and JOSEPH COELHO

---

[1] Of course, federal civil rights claims are not subject to California's claim requirements because such would violate the supremacy clause of the U.S. Constitution. *Williams v. Horvath*, 16 Cal.3d 834, 842 (1976).

Case No. 2:17-cv-00137-JAM-DB                      **DEFENDANTS CITY OF VALLEJO, ROBERT HERNDON, JAMES MELVILLE AND JOSEPH COELHO'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT [F.R.C.P. 12(b)(6)]**