**CLAUDIA M. QUINTANA**
City Attorney, SBN 178613
**BY: FRANK A. SPLENDORIO**
Deputy City Attorney, SBN 272601
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA  94590
Tel:    (707) 648-4545
Fax:    (707) 648-4687
E-mail: Frank.Splendorio@cityofvallejo.net

Attorneys for Defendants, CITY OF VALLEJO, ROBERT HERNDON, JAMES MELVILLE, and JOSEPH COELHO

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| JASON ANDERSON,<br><br>          Plaintiff,<br><br>   vs.<br><br>CITY OF VALLEJO, a municipal corporation; ROBERT HERNDON, individually and in his capacity as a Police Corporal for the Vallejo Police Department, individually and in his capacity as a Police Corporal for the Vallejo Police Department; JAMES MELVILLE, individually and in his capacity as a Officer for the Vallejo Police Department; JOSEPH COELHO, individually and in his capacity as a Officer for the Vallejo Police Department; and DOES 1-50, inclusive, individually, jointly and severally**,**<br><br>          Defendants. | **Case No. 2:17-cv-00137-JAM-DB**<br><br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; JURY TRIAL DEMANDED** |

COMES NOW Defendants CITY OF VALLEJO, ROBERT HERNDON, JAMES MELVILLE, and JOSEPH COELHO (hereinafter referred to as "Defendants"), answers to Plaintiff's Complaint for Damages as follows:

/ /

/ /

---

Case No. 2:17-cv-00137-JAM-DB                                      DEFENDANTS' ANSWER TO PLAINTIFF'S
                                                                   FIRST AMENDED COMPLAINT; JURY TRIAL
                                                                   DEMANDED
- 1 -

## INTRODUCTION

1. Answering the first paragraph of the Complaint for Damages, Defendants admit Plaintiff brings this action under the law alleged.

2. Answering the second paragraph of the Complaint for Damages, Defendants admit Plaintiff alleges these alleged violations were committed during the scope of employment.

## JURISDICTION

3. Answering the third paragraph of the Complaint for Damages, Defendants admit that Plaintiff attempts to state a claim for money damages pursuant to 42 USC § 1983. Defendants admit jurisdiction and venue alleged therein.

## PARTIES

4. Answering the fourth paragraph of the Complaint for Damages, Defendants admit Jason Anderson is the Plaintiff but lack sufficient knowledge or information to form a belief as to the resident status of Plaintiff.

5. Answering the fifth paragraph of the Complaint for Damages, Defendants admit the allegations contained therein.

6. Answering the sixth paragraph of the Complaint for Damages, Defendants admit the allegations contained therein.

7. Answering the seventh paragraph of the Complaint for Damages, Defendants admits the allegations contained therein.

8. Answering the eighth paragraph of the Complaint for Damages, Defendants admits the allegations contained therein.

9. Answering the ninth paragraph of the Complaint for Damages, Defendants admit that Plaintiff is alleging other violations by unknown DOES.

## ADMINISTRATIVE PREQUISITES

10. Answering the tenth paragraph of the Complaint for Damages, Defendants admit Plaintiff filed an administrative claim on December 8, 2015 and that the claim was rejected on January 7, 2015.  However, Defendants lack sufficient knowledge or information at this time to form a belief as to the truth of the remaining allegations contained in this paragraph and on that

basis deny each and every remaining allegation contained therein.

**FACTUAL ALLEGATIONS**

11.     Answering the eleventh paragraph of the Complaint for Damages, Defendants admit the actions giving rise to this Complaint took place on or about June 9, 2015, and Defendants lack sufficient knowledge or information at this time to form a belief as to the truth of the remaining allegations contained in this paragraph and on that basis deny each and every remaining allegation contained therein.

12.     Answering the twelfth paragraph of the Complaint for Damages, Defendants admit Vallejo Police were involved in the subject incident, but deny each and every allegation to the extent that they imply or suggest Plaintiff was treated unlawfully, and as to each and every remaining allegation Defendants lack sufficient knowledge or information at this time to form a belief as to the truth and on that basis deny each and every remaining allegation contained therein.

13.     Answering the thirteenth paragraph of the Complaint for Damages, Defendants admit Vallejo Police were involved in the subject incident, but deny each and every allegation to the extent that they imply or state Plaintiff was treated unlawfully.

14.     Answering the fourteenth paragraph of the Complaint for Damages, Defendants admit Vallejo Police were involved in the subject incident, but deny each and every allegation to the extent that they imply or state Plaintiff was treated unlawfully, and as to each and every remaining allegation concerning Plaintiff's incapacity, Defendants lack sufficient knowledge or information at this time to form a belief as to the truth and on that basis deny each and every remaining allegation contained therein.

15.     Answering the fifteenth paragraph of the Complaint for Damages, Defendants admit Vallejo Police were involved in the subject incident, but deny each and every allegation to the extent that they imply or state Plaintiff was treated unlawfully, but do admit Plaintiff was lawfully handcuffed.

/ /

/ /

16. Answering the sixteenth paragraph of the Complaint for Damages, Defendants deny each and every allegation contained therein except that Plaintiff did receive medical treatment.

17. Answering the seventeenth paragraph of the Complaint for Damages, Defendants admit Vallejo Police were involved in the subject incident, but deny each and every allegation to the extent that they imply or state Plaintiff was treated unlawfully, and as to each and every remaining allegation concerning Plaintiff's incapacity, Defendants lack sufficient knowledge or information at this time to form a belief as to the truth and on that basis deny each and every remaining allegation contained therein.

18. Answering the eighteenth paragraph of the Complaint for Damages, Defendants deny each and every allegation contained therein.

19. Answering the nineteenth paragraph of the Complaint for Damages, Defendants lack sufficient knowledge or information at this time to form a belief as to the truth and on that basis deny each and every remaining allegation contained therein.

20. Answering the twentieth paragraph of the Complaint for Damages, Defendants deny each and every allegation contained therein.

## DAMAGES

21. Answering the twenty-first paragraph of the Complaint for Damages, Defendants deny each and every allegation contained therein.

22. Answering the twenty-second paragraph of the Complaint for Damages, Defendants deny each and every allegation contained therein.

## FIRST CAUSE OF ACTION

**(Violation of the Fourth Amendment of the United States Constitution – Unlawful Detention)**
**(42 U.S.C. § 1983)**
**(Against Defendants Herndon, Melville, Coelho and DOES 1-25)**

23. Answering the twenty-third paragraph of the Complaint for Damages, Defendants re-allege their answers to the paragraphs 1-22 above with the same force and effect as if they were herein set out in full.

24.     Answering the twenty-fourth paragraph of the Complaint for Damages, Defendants deny each and every allegation contained therein.

## SECOND CAUSE OF ACTION

**(Violation of the Fourth Amendment of the United States Constitution – Unlawful Seizure)**
**(42 U.S.C. § 1983)**
**(Against Defendants Herndon, Melville, Coelho and DOES 1-25)**

25.     Answering the twenty-fifth paragraph of the Complaint for Damages, Defendants re-allege their answers to the paragraphs 1-24 above with the same force and effect as if they were herein set out in full.

26.     Answering the twenty-sixth paragraph of the Complaint for Damages, Defendants deny each and every allegation contained therein.

## THIRD CAUSE OF ACTION

**(Violation of the Fourth Amendment of the United States Constitution – Excessive Force)**
**(42 U.S.C. § 1983)**
**(Against Defendants Herndon, Melville, Coelho and DOES 1-25)**

27.     Answering the twenty-seventh paragraph of the Complaint for Damages, Defendants re-allege its answers to the paragraphs 1-26 above with the same force and effect as if they were herein set out in full.

28.     Answering the twenty-eighth paragraph of the Complaint for Damages, Defendants deny each and every allegation contained therein.

## FOURTH CAUSE OF ACTION

**(*Monell* - 42 U.S.C. § 1983)**
**(Against Defendants City and DOES 26-50)**

29.     Answering the twenty-ninth paragraph of the Complaint for Damages, Defendants re-allege their answers to the paragraphs 1-28 above with the same force and effect as if they were herein set out in full.

30.     Answering the thirtieth paragraph of the Complaint for Damages, Defendants deny each and every allegation contained therein.

31.     Answering the thirty-first paragraph of the Complaint for Damages, Defendants deny each and every allegation contained therein.

1      32.    Answering the thirty-second paragraph of the Complaint for Damages,
2  Defendants deny each and every allegation contained therein.

3      33.    Answering the thirty-third paragraph of the Complaint for Damages, Defendants
4  deny each and every allegation contained therein.

5      34.    Answering the thirty-fourth paragraph of the Complaint for Damages, Defendants
6  deny each and every allegation contained therein.

7      35.    Answering the thirty-fifth paragraph of the Complaint for Damages, Defendants
8  deny each and every allegation contained therein.

### FIFTH CAUSE OF ACTION

**(Violation of Civil Code § 52.1)**
**(Against Defendants Herndon, Melville, Coelho and DOES 1-25)**

12      36.    Answering the thirty-sixth paragraph of the Complaint for Damages, Defendants
13  re-allege their answers to the paragraphs 1-35 above with the same force and effect as if they
14  were herein set out in full.

15      37.    Answering the thirty-seventh paragraph of the Complaint for Damages,
16  Defendants deny each and every allegation contained therein.

17      38.    Answering the thirty-eighth paragraph of the Complaint for Damages, Defendants
18  deny each and every allegation contained therein.

19      39.    Answering the thirty-ninth paragraph of the Complaint for Damages, Defendants
20  deny each and every allegation contained therein.

21      40.    Answering the fortieth paragraph of the Complaint for Damages, Defendants deny
22  each and every allegation contained therein.

23      41.    Answering the forty-first paragraph of the Complaint for Damages, Defendants
24  deny each and every allegation contained therein.

25  / /
26  / /
27  / /
28  / /

## SIXTH CAUSE OF ACTION

**(Battery)**
**(Against Defendants Herndon, Melville, Coelho and DOES 1-25)**

42. Answering the forty-second paragraph of the Complaint for Damages, Defendants re-allege their answers to the paragraphs 1-41 above with the same force and effect as if they were herein set out in full.

43. Answering the forty-third paragraph of the Complaint for Damages, Defendants deny each and every allegation contained therein.

## SEVENTH CAUSE OF ACTION

**(Intentional Infliction of Emotional Distress)**
**(Against Defendants Herndon, Melville, Coelho and DOES 1-25)**

44. Answering the forty-fourth paragraph of the Complaint for Damages, Defendants re-alleges their answers to the paragraphs 1-43 above with the same force and effect as if they were herein set out in full.

45. Answering the forty-fifth paragraph of the Complaint for Damages, Defendants deny each and every allegation contained therein.

## EIGHTH CAUSE OF ACTION

**(Negligence)**
**(Against Defendants Herndon, Melville, Coelho and DOES 1-25)**

46. Answering the forty-sixth paragraph of the Complaint for Damages, Defendants re-allege their answers to the paragraphs 1-45 above with the same force and effect as if they were herein set out in full.

47. Answering the forty-seventh paragraph of the Complaint for Damages, Defendants deny each and every allegation contained therein.

48. Answering the forty-eighth paragraph of the Complaint for Damages, Defendants deny each and every allegation contained therein.

/ /

/ /

/ /

**JURY DEMAND**

49. Answering the forty-ninth paragraph of the Complaint for Damages, Defendants admit Plaintiff seeks a jury trial.

**AFFIRMATIVE DEFENSES**

1. As a first affirmative defense, the Defendants allege that the Complaint for Damages fails to state any claim upon which relief can be granted.

2. As a second affirmative defense, the Defendants allege that Plaintiff's claims are barred by the applicable statutes of limitation.

3. As a third affirmative defense, the Defendants allege that Plaintiff was negligent and careless in and about matters and events set forth in the Complaint for Damages. Plaintiff's negligence proximately contributed to his alleged injuries and damages. Any jury verdict in Plaintiff's favor that may be rendered in this case, therefore, must be reduced by the percentage that Plaintiff's negligence contributed to any of his damages or injuries.

4. As a fourth affirmative defense, the Defendants allege that at all times herein mentioned, all actions taken by the Defendant police officers were reasonable under the circumstances and taken under a reasonable belief that the actions were not unlawful. The Defendant police officers are therefore entitled to qualified immunity from liability for matters set forth in the Complaint for Damages.

5. As a fifth affirmative defense, the Defendants allege that any harm which came to Plaintiff was a direct and proximate cause of his own actions.

6. As a sixth affirmative defense, the Defendants allege that any of Plaintiff's alleged damages or injuries were aggravated by Plaintiff's failure to use reasonable diligence to mitigate them.

7. As a seventh affirmative defense, the Defendants allege that any of Plaintiff's alleged damages or injuries were proximately caused by the negligence of other persons, firms, corporations or entities, for whom the Defendants is not responsible. Should Plaintiff be entitled to recover under the Complaint for Damages, his recovery should be reduced in proportion to the negligence of such other persons, firms, corporations or entities.

8. As an eighth affirmative defense, the Defendants allege that its police officers were acting in their official capacities at all times relevant to this action, and any alleged actions were made in good faith, without malice, or were performed with a reasonable belief that their actions were authorized by and in accord with existing law and authority.

9. As a ninth affirmative defense, the Defendants allege that its actions, if any, were privileged as a matter of law.

10. As a tenth affirmative defense, the Defendants allege that Plaintiffs' state claims are barred pursuant to California Government Code sections 911.2, 911.4, 945.4, 946.6, 950.2, 950.6, 815.2, 815.6, 818.2, 818.8, 820, 820.2, 820,4, 820.6, 820.8, 821, 821.6, 822.2, 844.6, 845, 845.2, 845.6, 846, 855, 855.8, 856 and 856.4. Said sections are pleaded as though fully set forth herein.

11. As an eleventh affirmative defense, the Defendants allege that Plaintiff's arrest and/or detention was made with probable cause or reasonable suspicion.

12. As a twelfth affirmative defense, the Defendants allege that any search or seizure of the Plaintiff or his property, if any, was reasonable and necessary to effect lawful and proper law enforcement procedures and, as such, there can be no liability against the Defendants.

13. As a thirteenth affirmative defense, the Defendants allege that Plaintiff's claims for punitive damages are barred by the provisions of Government Code section 818 and *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

14. As a fourteenth affirmative defense, the Defendants allege that Plaintiff is not entitled to punitive damages, because punitive damages are unconstitutional and violate the Defendants' right to due process and equal protection.

15. As a fifteenth affirmative defense, the Defendants allege that they are immune from the claims contained in Plaintiff's Complaint for Damages pursuant to the provisions of California Penal Code Sections 835, 835(a), 836 and 836.5.

16. As a sixteenth affirmative defense, the Defendants allege that Plaintiff's claims against the City under 42 U.S.C. §1983 are contrary to law, in that they are founded upon the doctrine of respondeat superior. Neither a municipality nor its officers, supervisors, or

1 policymakers can be held liable under 42 U.S.C. § 1983 under a respondeat superior theory.
2 (*Monell v. Department of Social Services,* 436 U.S. 658, 691 (1978).)

3     17.    As a seventeenth affirmative defense Defendants allege that Plaintiff had full
4 knowledge of all the risks, dangers, and hazards, if there were any, and nevertheless voluntarily
5 and with full appreciation of the amount of danger involved in his actions and the magnitude of
6 the risk involved, assumed the risk of injuries and damages to himself.

7     18.    As an eighteenth affirmative defense, Defendants allege that there is no statutory
8 or other basis for the attorney's fees sought by Plaintiff.

9     19.    As a nineteenth and separate affirmative defense, Defendants allege defendants
10 shall only be responsible for damages in an amount determined pursuant to and in accordance
11 with Proposition 51 (Civil Code § 1431.2).

12     20.    As a twentieth affirmative defense, Defendant alleges it is entitled to qualified
13 immunity.

14     21.    As a twenty-first affirmative defense, Defendants allege this action is barred by
15 the principles of res judicata, including claim and issue preclusion.

16     22.    As a twenty-second affirmative defense, Defendants allege this lawsuit is *Heck-*
17 barred for resisting arrest.

18     23.    As a twenty-third affirmative defense, Defendants allege this action is barred by
19 the equitable principles of laches, unclean hands, and/or estoppel.

20 **DEMAND FOR JURY**

21 Defendants hereby demand a trial by jury as provided by the Seventh Amendment to the
22 United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

23 //
24 //
25 //
26 //
27 //
28 //

**PRAYER FOR JUDGMENT**

Wherefore the Defendants pray for judgment as follows:

1. That Plaintiff takes nothing by this action;
2. That the Defendants be awarded the costs of defending this lawsuit;
3. That the Defendants be awarded a judgment against the Plaintiff; and
4. For such other and further relief as this Court deems proper.

DATED: March 24, 2017                              Respectfully submitted,


                                             /s/ - *Frank A. Splendorio*
                                             FRANK A. SPLENDORIO
                                             Deputy City Attorney
                                             Attorney for Defendants, CITY OF VALLEJO, ROBERT HERNDON, JAMES MELVILLE, and JOSEPH COELHO