JOHN L. BURRIS, ESQ., SBN 69888
LATEEF H. GRAY, ESQ., SBN 250055
K. CHIKE ODIWE, ESQ., SBN 315109
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
lateef.gray@johnburrislaw.com
chike.odiwe@johnburrislaw.com

Attorneys for Plaintiff
JASON ANDERSON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ANDERSON,<br><br>              Plaintiff,<br><br>     vs.<br><br>CITY OF VALLEJO, a municipal corporation; ROBERT HERNDON, individually and in his capacity as a Police Corporal for the Vallejo Police Department; JAMES MELVILLE, individually and in his capacity as a Officer for the Vallejo Police Department; JOSEPH COELHO, individually and in his capacity as a Officer for the Vallejo Police Department; and DOES 1-50, inclusive, individually, jointly and severally,<br><br>              Defendants. | CASE NO.: 2:17-cv-00137-JAM-DB<br><br>**EX PARTE APPLICATION FOR ORDER MODIFYING SCHEDULING ORDER [FRCP 6(B); 16(B)(4)]; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF K. CHIKE ODIWE** |

  Plaintiff, Jason Anderson, hereby moves this Court, ex parte, for an order modifying the Initial Scheduling Order issued by U.S. District Court Judge John A. Mendez on June 19, 2017 (Doc. 13) (the "Scheduling Order") to extend the expert designation deadline, rebuttal disclosure deadline,

and the discovery cut-off by a period that would keep the dispositive motion filing date, pre-trial date, and trial date unchanged. This request is being made pursuant to Federal Rules of Civil Procedure section 16, subdivision (b)(4), on the basis that good cause exists to continue the relevant deadlines in light of 1) the fact that the Court's docket inadvertently listed the expert designation deadline as August 19, 2019, 2) the Defendants will not be prejudiced by an extension of the expert designation deadline, rebuttal disclosure deadline, or the discovery cut-off, and 3) the extension of the expert designation deadline, rebuttal disclosure deadline, and the discovery cut-off will not significantly alter the Scheduling Order in that the dispositive motion deadline and trial date will remain unchanged.

      Plaintiff's request is based upon this application, the accompanying Memorandum of Points and Authorities in support thereof, and the Declaration of K. Chike Odiwe and associated exhibits.

**Law Offices of John L. Burris**

Dated: April 23, 2019                  __/s/ *Kenneth Chike Odiwe*___
                                                 Kenneth Chike Odiwe, Esq.,
                                                 Attorney for Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

On April 23, 2019, Plaintiff's counsel contacted Defendants counsel, Timothy Smyth, to gauge counsel's amenability to stipulate to an extension of the Expert Designation Deadline, Rebuttal Disclosure Deadline, and the Fact Discovery Cut-off. Plaintiff's counsel expressed to Defendant's counsel that a docketing error on the part of the Court caused Plaintiff's counsel's office to calendar the wrong date for the Expert Disclosure Deadline. As such, Plaintiff's counsel missed the deadline to designate its expert witnesses. Even still, Defendant's counsel refused Plaintiff's request for a stipulation to extend the relevant deadlines. As such, Plaintiff is forced to now seek a modification of the Scheduling Order through this ex parte application. There is good cause for Plaintiff's request and the request should be granted. Fed. R. Civ. Proc. 16(b)(4). Odiwe Decl., ¶ 3.

### FACTUAL AND PROCEDURAL BACKGROUND

The Scheduling Order was issued on June 19, 2017. Doc. 13.  On the same day, the Court's docket entry inadvertently listed August 19, 2019 as the Expert Designation Deadline. *Odiwe Decl., ¶ 5, Exh. A (Court's Docket).* Based on the Court's docket entry, Plaintiff's counsel inadvertently calendared the Expert Designation Deadline for August 19, 2019, rather than the actual deadline of April 19, 2019 as designated pursuant to paragraph XII of the Scheduling Order. *Odiwe Decl., ¶ 6.,*

No previous continuances/ extensions of the dispositive motion hearing deadline have been requested or granted. Odiwe Decl., ¶ 7.

### LEGAL ARGUMENT

**A. Modification of The Dates for Expert Designations, Rebuttal Disclosures, and the Discovery Cut-Off Is Warranted Due to Plaintiff's Counsel's Calendaring Error**

Ex parte relief is warranted upon "good cause" when the moving party shows: (1) it will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and (2) it is without fault in creating the crisis that requires ex parte relief, or (3) that the crisis occurred as a result of excusable neglect. *Mission Power Eng'g Co. v. Continental Cas. Co.,* 883 F. Supp. 488, 492 (C.D. Cal. 1995).

In addition, Eastern District Local Rule 6-144(c) provides that this Court may grant an initial extension ex parte upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why the extension is necessary. Good cause exists here to warrant an Order modifying the Scheduling Order on ex parte basis.

### 1. Plaintiff Is Entitled To Ex Parte Relief Under The Circumstances Because Good Cause Exists

#### a. Plaintiff Will Be Irreparably Prejudiced If The Underlying Motion Is Heard According To Regular Motion Procedure

This Court's Scheduling Order required that the parties disclose their expert witnesses and submit their export reports by April 19, 2019. Ordinarily, Federal Rule of Civil Procedure 6(d) and Eastern District Local Rule 78-230(b) require that a motion be noticed at least 28 calendar days before the hearing date. If Plaintiff were required to adhere to the normal time limit for serving and filing its motion to modify the Court's pretrial scheduling order, before this Court has had the opportunity to reassess the scheduling order in light of the facts presented in this application, Plaintiff's disclosures would be past due by over a month.  Plaintiff cannot comply with the April 19, 2019 disclosure deadline as the deadline has lapsed. Odiwe Decl., ¶ 4.

#### b. Plaintiff Is Without Fault In Creating The Current Situation Because It Has Acted Diligently

Second, Plaintiff is without fault in creating the circumstance that requires ex parte relief. Plaintiff has acted diligently in the course of prosecuting this action and, moreover, bases this request on good cause. Here, this Court can and should modify its scheduling order upon a showing of "good cause." Fed. R. Civ. Pro. 16(b). A party demonstrates good cause for the modification of a scheduling order by showing that, even with the exercise of diligence, it is unable to meet the timetable set forth in the order. See *Zivkovic v. Southern California Edison, Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir. 1992).

To demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that it was diligent in assisting the Court in creating a workable Rule 16 order; (2) that its noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding its

diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that it was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999).

Plaintiff has been diligent in all respects. It was unforeseeable – and no fault of Plaintiff's – that Plaintiff's initial expert disclosures would be untimely. In addition, despite its efforts, Plaintiff's counsel inadvertently calendared the wrong Expert Designation Deadline. It was an honest mistake, wherein Plaintiff's counsel relied on the Court's June 19, 2017 docket entry. Once it became apparent that amendment of the Scheduling Order was necessary, Plaintiff promptly and diligently took steps to notify the Court and Defendants' counsel. This is evidenced by Plaintiff's ex parte application.

### c. Alternatively, The Court May Find That the Situation Has Arisen In Part Because Of Plaintiff's Counsel's Excusable Neglect

Alternatively, if Plaintiff or his counsel is at fault, its fault is, at most, "excusable neglect." *Mission Power*, 883 F. Supp. at 492. The United States Supreme Court has stated that "'excusable neglect' is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Investment Serv. Co. v. Brunswick Associated Ltd. Partnership*, 507 U.S. 380, 392 (1993). Among the factors a court may assess in determining if excusable neglect has occurred, include: (1) whether the moving party was diligent; (2) whether the inadvertence resulted despite counsel's substantial good faith efforts towards compliance, and (3) whether the enlargement of time will prejudice the opposing party. *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931 (9th Cir. 1994) (citing *Dominic v. Hess Oil V.1. Corp*, 841 F.2d 513, 517 (3d Cir. 1988)); *Baker v. California Youth Auth.*, 1999 U.S. App. LEXIS 20359 (9th Cir. 1999).

Courts have interpreted excusable neglect, at least as to Federal Rule of Civil Procedure 6(b), to include neglect by parties. See *Butner v. Neustadter*, 324 F.2d 783, 786-87 (9th Cir. 1963) (excuse was sufficient where defendant thought he had hired counsel to represent him and the default was taken when there was no appearance); *Owens-Illinois, Inc. v. T&N Ltd.*, 191 FRD 522, 527-28 (E.D. TX 2000) (excusable neglect shown where a complaint was lost in defendant's mail room despite

well-established procedures to handle large volumes of lawsuits received). Such case law illustrates that isolated human error may be sufficient for a showing of excusable neglect.

Plaintiff believes that he and his counsel acted diligently and reasonably under the circumstances. However, if the Court believes that counsel's conduct was not diligent, then at most it constitutes excusable neglect. Defendants will not be prejudiced by the extension that Plaintiff requests.

**D. Plaintiff's Proposed Schedule:**

| Case Management Event: | Prior-Operative Date-Deadlines (Dkt. 13) | New Date-Deadline: |
|---|---|---|
| Expert Disclosure (initial): | April 19, 2019 | May 10, 2019 |
| Expert Disclosures (rebuttal): | May 3, 2019 | May 30, 2019 |
| Discovery Cut-Off | June 28, 2019 | July 18, 2019 |
| Dispositive Motion Deadline: | August 6, 2019 | August 6, 2019 |
| Last day for Hearing Motions | September 10, 2019 | September 10, 2019 |
| Pretrial Conference | October 25, 2019 | October 25, 2019 |
| Trial (jury)(court) (length 15 days) | December 2, 2019 | December 2, 2019 |

## CONCLUSION

Considering all of the circumstances, modification of the Scheduling Order to extend the expert designation deadline, rebuttal disclosures, and the discovery is both necessary and appropriate. Since there is good cause for the extension and no attendant prejudice to Defendants, Plaintiff respectfully requests this Court enter an order extending the pertinent deadlines.

**Law Offices of John L. Burris**

Dated:  April 23, 2019        ___/s/ *Kenneth Chike Odiwe*___
                              Kenneth Chike Odiwe, Esq.,
                              Attorney for Plaintiff