**CLAUDIA M. QUINTANA**
City Attorney, SBN 178613
**BY:  TIMOTHY R. SMYTH**
Deputy City Attorney, SBN 258661
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA  94590
Tel:     (707) 648-4545
Fax:     (707) 648-4687
Email:  timothy.smyth@cityofvallejo.net

Attorneys for Defendants, CITY OF VALLEJO,
ROBERT HERNDON, JAMES MELVILLE, and JOSEPH COELHO

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| JASON ANDERSON,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF VALLEJO, a municipal corporation; ROBERT HERNDON, individually and in his capacity as a Police Corporal for the Vallejo Police Department, individually and in his capacity as a Police Corporal for the Vallejo Police Department; JAMES MELVILLE, individually and in his capacity as a Officer for the Vallejo Police Department; JOSEPH COELHO, individually and in his capacity as a Officer for the Vallejo Police Department; and DOES 1-50, inclusive, individually, jointly and severally,<br><br>Defendants. | Case No. **2:17-cv-00137-JAM-DB**<br><br><br>*EX PARTE* APPLICATION FOR TEMPORARY PROTECTIVE ORDER; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION |

Defendants  CITY  OF  VALLEJO,  ROBERT  HERNDON,  JAMES  MELVILLE,  and JOSEPH COELHO ("CITY" or "Defendants") hereby move, *ex parte*, for a temporary protective order pursuant to Local Rules 141.1.  Prior to submitting this protective order counsel attempted

Case No. 2:17-cv-00137-JAM-DB          *EX PARTE* **APPLICATION FOR TEMPORARY PROTECTIVE ORDER; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION**

-1-

obtaining a stipulation for protective order which was denied without grounds being specified. Defendants seek the protective order as the modified scheduling order of April 24, 2019 (ECF No. 21) grants an additional 3 weeks to Plaintiff to prepare and serve his Rule 26 expert disclosures, and Defendants would be prejudiced by Plaintiff's experts having three weeks to review and respond to the expert reports timely served by Defendant on April 19, 2019, pursuant to the original scheduling order issued in this case on June 19, 2017 (ECF No. 13).   The Defendants received the same scheduling order by this court and relied upon the substance of the order to their detriment, and this protective order which would prevent Plaintiff from providing copies of the report to his undisclosed expert(s) seeks to prevent.

Defendants' request is based upon this application, the accompanying Memorandum of Points and Authorities in support thereof, the Declaration of Timothy R. Smyth in support, and all records in the Court's docket.

DATED:  April 24, 2019                                    Respectfully submitted,


                                                                    _____*/s/ Timothy R. Smyth*_____
                                                                    TIMOTHY R. SMYTH
                                                                    Deputy City Attorney
                                                                    Attorney for Defendants, CITY OF VALLEJO,
                                                                    ROBERT HERNDON, JAMES MELVILLE,
                                                                    and JOSEPH COELHO

Case No. 2:17-cv-00137-JAM-DB                    *EX PARTE* APPLICATION FOR TEMPORARY
                                                             PROTECTIVE ORDER; MEMORANDUM OF
                                                             POINTS & AUTHORITIES; DECLARATION

-2-

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION AND BACKGROUND

On April 19, 2019, the Defendants served on Plaintiff their Expert Witness Disclosure Statements and report(s) attached as exhibits thereto disclosed pursuant to the scheduling order of June 19, 2017 (ECF No. 13).  Plaintiff failed to disclose pursuant to a docketing error and was granted *ex parte* relief to extend the deadlines in this court's scheduling order such that an expert exchange is now set for May 10, 2019.  (ECF No. 21).

The Defendants served their Expert Witness Disclosure Statement on April 19, 2019, pursuant to this Court's original scheduling order of June 19, 2017.  (Smyth Decl., Para. 3). After the Court modified its scheduling order to set expert disclosures to occur on May 10, 2019, Defendants proposed a stipulated protective order to have their Expert Witness Disclosure Statements served on April 19, 2019, withheld from any disclosure to Plaintiff's experts until the new exchange of May 10, 2019.  (Smyth Decl., Para. 4).  In response to the Defendants' emails and phone calls proposing the protective order, Plaintiff's only response was an email stating "We are not in a position to stipulate to your request".  (Smyth Decl., Para. 5).  Subsequent calls and emails seeking an explanation as to the meaning or substance for the denial were not returned.  (Smyth Declaration, Para. 6).  Defendants now submit this *ex parte* application so as to avoid the likelihood of prejudice by Plaintiff's experts having the opportunity to review and respond to the Defendants' expert reports contrary to the spirit and procedures set forth in FRCP Rule 26(b). (Smyth Decl., Para. 7).

For the foregoing reasons, the Defendants satisfied any attempts to meet and confer pursuant to FRCP Rule 26(c)(1) prior to bringing this *ex parte* application, and it appears Plaintiff submits that he would not suffer any prejudice by the Court issuing the protective order sought.  Further, the fact the protective order is narrowly tailored to merely protect the Defendants from being prejudiced by early disclosure of their expert reports, this protective order should be granted.

\\\\

\\\\

## II. LEGAL ARGUMENT

### A. *Ex Parte* Relief in this Matter is Warranted as There is Insufficient Time for a Regularly Noticed Motion Seeking a Protective Order.

*Ex parte* relief is warranted upon "good cause" when the moving party shows: (1) it will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and (2) it is without fault in creating the crisis that requires *ex parte* relief, or (3) that the crisis occurred as a result of excusable neglect. *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Here, the Court granted the Plaintiff's *ex parte* relief extending the deadline for expert disclosures to May 10, 2019. (ECF No. 21). The Defendants' proposed protective order only seeks protection of the Defendants' expert reports and writings being disclosed to the Plaintiff's expert(s) up to and until this date, similar to as if each party were mutually exchanging their expert reports as normally required by FRCP Rule 26(a)(2). FRCP Rule 6(d) and Eastern District Local Rule 230(b) require that a motion be noticed at least 28 calendar days before the hearing date, so *ex parte* relief would be appropriate as a regularly noticed motion would not sufficiently protect the Defendants from prejudice.

### B. Good Cause Exists to Grant a Protective Order as it is Limited in Scope and Merely Sought to Prevent Undue Prejudice to the Defendants.

FRCP Rule 26(c) authorizes the court to issue a protective order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

(C) prescribing a discovery method other than the one selected by the party seeking discovery;

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

---

(E) designating the persons who may be present while the discovery is conducted;

(F) requiring that a deposition be sealed and opened only on court order;

(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs."

"[U]pon motion the court may limit the time, place, and manner of discovery, or even bar discovery altogether on certain subjects, as required "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Rule 26(c). And the court may also set the timing and sequence of discovery. Rule 26(d). *Crawford-El v. Britton*, 523 U.S. 574, 599. In the Ninth Circuit, "[t]he district court is given broad discretion in supervising the pretrial phase of litigation . . . ." *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985). If full compliance with Rule 26(a) is not made, Rule 37(c)(1) mandates some sanction, "the degree and severity of which are within the discretion of the trial judge." *Keener v. United States,* 181 F.R.D. 639, 641 (D. Mont. 1998).

The Defendants are not seeking sanction as the Court modified is scheduling order after Plaintiff missed the original deadline. However, the protective order sought here is merely a temporary protection to address the likelihood of prejudice should Plaintiff's experts have three weeks to review the expert reports produced by the Defendants and then modify his or her opinions to counter the points raised in the defense reports. This proposed protective order simply would require the Plaintiff to withhold disclosure of the Defense expert reports until such time as they would be disclosed pursuant to the revised scheduling order. As such, it is appropriate in this case.

### C.  Plaintiff Will not be harmed by issuing this Protective Order.

Plaintiff did not respond to the emails or phone calls of Defendants pertaining to the grounds it is not willing to stipulate. (Smyth Decl., Para. 4-6). Indeed, it would appear none exist as Plaintiff cannot claim prejudice for not being allowed to disclose the Defendants' expert reports to his experts prior to the normal FRCP Rule 26(b) deadline. Plaintiff would not have

been able to review the Defendants' expert reports had he disclosed according to the original Rule 26 deadline imposed by the June 19, 2017 scheduling order, so by not being permitted to do so now with the deadline extended to May 10, 2019, also is appropriate.

**III.  CONCLUSION**

Given that good cause exists for this the protection sought by the Defendants, and absent any prejudice to the Plaintiff, this court should enter the proposed protective order preventing Plaintiff from disclosing the Defendants' expert reports to his expert(s) prior to the new disclosure deadline of May 10, 2019.


DATED:  April 24, 2019                    Respectfully submitted,


                                          _/s/ Timothy R. Smyth_____
                                          TIMOTHY R. SMYTH
                                          Deputy City Attorney
                                          Attorney for Defendants, CITY OF VALLEJO,
                                          ROBERT HERNDON, JAMES MELVILLE,
                                          and JOSEPH COELHO