**CLAUDIA M. QUINTANA**
City Attorney, SBN 178613
**BY: TIMOTHY R. SMYTH**
Deputy City Attorney, SBN 258661
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA 94590
Tel:   (707) 648-4545
Fax:   (707) 648-4687
Email: timothy.smyth@cityofvallejo.net

Attorneys for Defendants, CITY OF VALLEJO,
ROBERT HERNDON, JAMES MELVILLE, JOSEPH COELHO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| JASON ANDERSON, | Case No: 2:17-cv-00137-JAM-DB |
| Plaintiff, | |
| vs. | **[PROPOSED] PROTECTIVE ORDER** |
| CITY OF VALLEJO, a municipal corporation; ROBERT HERNDON, individually and in his capacity as a Police Corporal for the Vallejo Police Department, individually and in his capacity as a Police Corporal for the Vallejo Police Department; JAMES MELVILLE, individually and in his capacity as a Officer for the Vallejo Police Department; JOSEPH COELHO, individually and in his capacity as a Officer for the Vallejo Police Department; and DOES 1-50, inclusive, individually, jointly and severally, | |
| Defendants. | |

Upon reviewing the Defendant's *Ex Parte* Application for Protective Order, the Memorandum of Points and Authorities in support, and the Declaration of Timothy R. Smyth

filed by Defendants CITY OF VALLEJO, ROBERT HERNDON, JAMES MELVILLE, and JOSEPH COELHO ("CITY" or "Defendants") and good cause appearing therefore:

**IT IS HEREBY ORDERED** that in order to protect the confidentiality of the records described below, any of said records disclosed are subject to a protective order and designated as "Confidential Material" as follows:

1. The Defendants' Expert Witness Disclosure Statements and report(s) attached as exhibits thereto disclosed pursuant to the scheduling order of June 19, 2017.

2. The aforementioned records are designated as confidential until 4:30 p.m. on May 10, 2019 - the date for expert disclosures as stated in this Court's modified scheduling order of April 24, 2019. Confidential material may not be disclosed except as set forth further herein.

3. Confidential Material may be disclosed only to the following persons:

    a. Counsel for any party to this action.

    b. Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in 3(a);

    c. These materials are expressly intended to be *withheld* from disclosure to experts or any third party consultants of any person or party to and until 4:30 p.m. on the new date of expert disclosure, May 10, 2019

4. Each person to whom disclosure is made must consent to be subject to the jurisdiction of the United States District Court, Eastern District of California, with respect to any proceeding relating to the enforcement of this order. Nothing in this paragraph 4 is intended to prevent officials or employees of the City of Vallejo or other authorized government officials or any other persons from having access to the documents if they would have had access in the normal course of their job duties or rights as a citizen.

5. In the case of any inadvertent or premature disclosure of confidential materials to persons not authorized to receive them by this order, counsel shall seek the return and/or

destruction of such materials within 24 hours of the unauthorized disclosure or entry of this order, whichever is later.

6. The foregoing is without prejudice to the right of any party (a) to apply to the Court for a further protective order relating to any Confidential Material or relating to discovery in this litigation; (b) to apply to the Court for an order removing the Confidential Material designation from any document; and (c) to apply to the Court for an order compelling production of documents or modification of this order or for any order permitting disclosure of Confidential Materials beyond the terms of this order.

7. Upon receipt of this Protective Order and disclosure of the Confidential Material, it will be presumed that plaintiff knows the contents of this Protective Order, understands the provisions of this Protective Order and consent to be subject to the jurisdiction of the United States District Court, Eastern District, with respect to any proceeding relating to the enforcement of this Protective Order.

8. This Protective Order is intended to act as a supplement to prior protective orders and is in no way to be construed as overriding or removing the protections afforded other records or information produced under a prior protective order entered in this litigation.

9. Violation of the terms of this Protective Order may subject a party to any and all permissible sanctions.

**IT IS SO ORDERED.**

Dated: _____               _____
                                  UNITED STATES DISTRICT JUDGE