**CLAUDIA M. QUINTANA**
City Attorney, SBN 178613
**BY:  TIMOTHY R. SMYTH**
Deputy City Attorney, SBN 258661
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA  94590
Tel:     (707) 648-4545
Fax:     (707) 648-4687
Email: timothy.smyth@cityofvallejo.net

Attorneys for Defendants, CITY OF VALLEJO,
ROBERT HERNDON, JAMES MELVILLE, and JOSEPH COELHO

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| JASON ANDERSON,<br>      Plaintiff,<br>  vs.<br>CITY OF VALLEJO, a municipal corporation; ROBERT HERNDON, individually and in his capacity as a Police Corporal for the Vallejo Police Department, individually and in his capacity as a Police Corporal for the Vallejo Police Department; JAMES MELVILLE, individually and in his capacity as a Officer for the Vallejo Police Department; JOSEPH COELHO, individually and in his capacity as a Officer for the Vallejo Police Department; and DOES 1-50, inclusive, individually, jointly and severally,<br>      Defendants. | Case No.  2:17-cv-00137-JAM-DB<br><br>DEFENDANTS CITY OF VALLEJO, OFFICERS HERNDON, MELVILLE AND COELHO MEMORANDUM OF POINTS OF AUTHORIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>DATE:           September 10, 2019<br>TIME:           1:30 p.m.<br>CRTRM:        6, 14th Floor<br><br>TRIAL DATE:    December 2, 2019 |

COMES NOW Defendants CITY OF VALLEJO, OFFICER ROBERT HERNDON, JAMES MELVILLE and JOSEPH COELHO submit the following separate statement of undisputed material facts in support of Defendants' Motion for Partial Summary Judgment.

1. **Issue No. 1: Plaintiff's First Cause of Action for Unlawful Detention and Second Cause of Action for Unlawful Seizure in Violation of the Fourth Amendment fail as a matter of law.**

| | CITY DEFENDANTS' UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|---|
| 1. | On June 9, 2015, Vallejo Police Officer James Melville was in full uniform on traffic patrol riding a fully marked police motorcycle equipped with emergency lights and sirens.<br><br>Declaration of James Melville in Support of Motion for Summary Judgment (Melville Decl.), Para. 2. | |
| 2. | On this day, Officer Coelho and Officer Herndon were each in full uniform on patrol driving a fully marked police cruiser equipped with emergency lights and sirens.<br><br>Declaration of Robert Herndon in Support of Motion for Summary Judgment (Herndon Decl.), para. 2;<br>Declaration of Joseph Coelho in Support of Motion for Summary Judgment (Coelho Decl.), para. 2 | |
| 3. | On this day the Plaintiff was hauling the vehicles for his business Anderson Auto Transport, as a "motor carrier of property", which was licensed with the California Department of Transportation.<br><br>Plaintiff's Responses to Requests for Admissions, Set Two, Admission 4 and 5; Deposition of Jason Anderson (Anderson Depo.), 25:13 - 15 | |
| 4. | No license or trade information was displayed on the side of the vehicle on this date. | |

| | | |
|---|---|---|
| | Melville Decl., para. 3.; Ex. A to Herndon Decl. (Vehicle Photographs); Anderson Depo., 38:10 – 21; Ex. 1 to Anderson Depo | |
| 5. | While on patrol riding on Sonoma Boulevard in the City of Vallejo, Officer Melville observed what he perceived to be Plaintiff operating a commercial truck towing vehicles on a trailer without any business license information or trade name posted on the side of the truck, which is a violation of Vehicle Code section 34507.5. Melville Decl., para. 3.; Ex. A to Herndon Decl. (Vehicle Photographs) | |
| 6. | Officer Melville pulled up alongside Plaintiff and verbally ordered him to pull over through the window. Melville Decl., para. 4. | |
| 7. | Plaintiff did not pull over after Officer Melville ordered him to do so, so Officer Melville pulled behind Plaintiff and then requested backup over the dispatch radio for a failure to yield at the intersection of Arkansas Street and Sonoma Boulevard. Melville Decl., para. 5, 6, and 7; Herndon Decl., para. 3 and 4; Coelho Decl., para. 3 and 4; Exhibit A to Declaration of Andrew Bates (Bates Decl.) (Dispatch Audio) | |
| 8. | Approximately 36 seconds later, Officer Melville communicated the pursuit proceeding through the intersection of Nebraska Street and Sonoma Boulevard with the Plaintiff refusing to pull over. Melville Decl., para. 8; Ex. A to Bates Decl. (Dispatch Audio) | |

| | | |
|---|---|---|
| 9. | Officer Melville activated his lights and sirens for the pursuit of Plaintiff for approximately 2 minutes, which can be clearly heard over the dispatch audio at the 0:53 mark.<br><br>Melville Decl., para. 9;<br>Ex. A to Bates Decl. (Dispatch Audio) | |
| 10. | Officer Herndon, identified as on the audio as "2 Paul 2", arrived at approximately the 1:40 mark on the audio and positioned himself directly behind the Plaintiff.<br><br>Melville Decl., para. 10;<br>Herndon Decl., para. 5;<br>Ex. A to Bates Decl. (Dispatch Audio) | |
| 11. | Officer Coelho, identified on the audio as "2 Paul 6", arrived at approximately the 1:56 mark on the audio and positioned himself behind Officer Herndon's cruiser in the pursuit.  Officer Melville fell back on his motorcycle to the rear position behind Officer Coelho.<br><br>Melville Decl., para. 11;<br>Herndon Decl., para. 6;<br>Coelho Decl., para. 5;<br>Ex. A to Bates Decl. (Dispatch Audio) | |
| 12. | The pursuit ended at approximately the 2:20 mark on the audio at 3400 Sonoma Boulevard.  This is approximately a half-mile away from the intersection of Arkansas Street and Sonoma Boulevard where Officer Melville originally radioed for backup.<br><br>Melville Decl., para. 12;<br>Herndon Decl., para. 7;<br>Coelho Decl., para. 6;<br>Ex. A to Bates Decl. (Dispatch Audio) | |
| 13. | Officer Melville was not involved in handcuffing Plaintiff or placing him into custody. | |

|     |                                                                                                                                                                                                                                                                                                                                                  |     |
| --- | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------ | --- |
|     | Deposition of James Melville (Melville Depo.), 50:25 – 51:15                                                                                                                                                                                                                                                                                     |     |
| 14. | Approximately 20 seconds after Officer Melville's message that Plaintiff was fighting over the radio, Plaintiff was detained and in custody. As soon as Plaintiff was detained, Officer Coelho transmitted a message over the radio that Plaintiff was in custody. This was captured in the audio at the 2:59 mark.<br><br>Melville Decl., para. 13;<br>Herndon Decl., para. 19;<br>Coelho Decl., para. 14;<br>Ex. A to Bates Decl. (Dispatch Audio) |     |
| 15. | After being placed into custody, Plaintiff was transported to Kaiser for medical clearance by Officer Coelho. Once cleared, Officer Coelho transported Plaintiff to the Vallejo Police Department.<br><br>Melville Decl., para. 13;<br>Coelho Decl., para. 15;<br>Ex. A to Bates Decl. (Dispatch Audio)                                          |     |
| 16. | Subsequent to his arrest, Plaintiff was not booked in County Jail, and his car was not towed by the defendant officers.<br><br>Anderson Depo., 102:1 – 8, 103:1 – 6                                                                                                                                                                              |     |

2. **Issue No. 2: Plaintiff's Third Cause Of Action For Violation Of Fourth Amendment – Excessive Force As To Each Defendant Fails As A Matter Of Law**

| CITY DEFENDANTS' UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE |
| --- | --- |
| **City Defendants Incorporate By Reference Undisputed Material Facts 1 – 16 As Though Fully Set Forth Herein** |  |

| | | |
|---|---|---|
| 17. | After Plaintiff's truck came to a stop, he immediately exited from the driver's side of the vehicle.<br><br>Herndon Decl., para. 8;<br>Coelho Decl., para. 7;<br>Ex. A to Bates Decl. (Dispatch Audio) | |
| 18. | Within 20 seconds of the Officers pulling up, Plaintiff had began shouting at the Officers something to the effect of "let me do my job!" This is captured on the audio at or about the 2:40 mark. Officer Melville radioed to dispatch that he observed fighting at that time.<br><br>Melville Decl., para. 13;<br>Herndon Decl., para. 10;<br>Coelho Decl., para. 9;<br>Ex. A to Bates Decl. (Dispatch Audio);<br>Deposition of Roger Clark (Clark Depo.), 121:12 – 20; 123:14 – 24; 124:8 – 22. | |
| 19. | Based on the fact Plaintiff had failed to yield to Officer Melville for a traffic stop, the fact Plaintiff had not yet been searched, that an individual exiting his vehicle in a traffic stop is highly unusual in their respective experience and training, and Plaintiff was shouting at the officers, Officers Herndon and Coelho perceived Plaintiff to be a potential threat. As such, each drew their firearm and ordered Plaintiff to show his hands and to stop.<br><br>Herndon Decl., para. 9;<br>Coelho Decl., para. 8. | |
| 20. | Officers Herndon and Coelho observed Plaintiff continue on foot to the rear of his vehicle near a toolbox attached to his trailer. He began positioning himself into a space between his truck and the attached trailer where the toolbox was located.<br><br>Herndon Decl., para. 11;<br>Coelho Decl., para. 10; | |

| # | Fact | |
|---|------|---|
| | Ex. A to Bates Decl. (Dispatch Audio) | |
| 21. | Plaintiff began to open the toolbox at the rear of his trailer. At this time, Officers Herndon and Coelho again ordered Plaintiff to show his hands.<br><br>Herndon Decl., para. 12;<br>Coelho Decl., para. 11;<br>Ex. A to Bates Decl. (Dispatch Audio) | |
| 22. | Officers Herndon and Coelho then observed Plaintiff begin reaching into the toolbox. Around this time, Officer Herndon deployed his taser, striking the Plaintiff and causing him to fall to the ground.<br><br>Herndon Decl., para. 13;<br>Coelho Decl., para. 12;<br>Ex. A to Bates Decl. (Dispatch Audio) | |
| 23. | Plaintiff resisted the taser and it took a cycle of approximately 6 seconds for him to go down to the ground.<br><br>Herndon Decl., para. 14;<br>Ex. B to Herndon Decl. (Taser Logs);<br>Ex. A to Bates Decl. (Dispatch Audio)<br>Anderson Depo, 70:1 – 14, 71:7 – 10 | |
| 24. | After Officer Herndon's taser completed its first cycle, Officers Herndon and Coelho ordered Plaintiff to roll over and place his hands behind his back. However, the officers observed the Plaintiff appear to try getting back up. Officer Herndon then ran a short, 3 second cycle on the Plaintiff.<br><br>Herndon Decl., para. 15;<br>Coelho Decl., para. 13;<br>Ex. A to Bates Decl. (Dispatch Audio) | |
| 25. | Officer Herndon manually stopped the taser from running a full five-second cycle so as to use only enough force to effectively stop Plaintiff from getting up. While this second cycle was running, Officer Herndon | |

|  |  |  |
|---|---|---|
|  | continued ordering Plaintiff to roll over and place his hands behind his back.<br><br>Herndon Decl., para. 15 and 16;<br>Exhibit B to Herndon Decl.;<br>Ex. A to Bates Decl. (Dispatch Audio);<br>Anderson Depo. 71:11 – 14; 71:23 – 72:3 |  |
| 26. | As soon as the second cycle ended it appeared to Officer Herndon that Plaintiff again was attempting to get up and was not complying with his commands to roll over. He then ran a short, two-second cycle of my taser on Plaintiff. He again manually stopped the taser from running a full five-second cycle so as to use only enough force to effectively stop Plaintiff from getting up.<br><br>Herndon Decl., para. 17;<br>Exhibit B to Herndon Decl.;<br>Ex. A to Bates Decl. (Dispatch Audio) |  |
| 27. | After this third cycle, Plaintiff placed his hands behind his back and Officer Coelho was able to place Plaintiff into handcuffs.<br><br>Herndon Decl., para. 18;<br>Coelho Decl., para. 14;<br>Exhibit B to Herndon Decl.;<br>Ex. A to Bates Decl. (Dispatch Audio) |  |
| 28. | At Kaiser, where Plaintiff was taken for medical clearance, he was diagnosed only with abrasions to his right anterior shoulder area where the taser prongs made contact. Plaintiff did not complain of pain or communicate any other force techniques used on his person to the treating physician.<br><br>Deposition Transcript of Eve Connolly, M.D., (Connolly Depo.), 21:10 – 22:22, 23:18 – 24:17, 38:21 – 39:8. |  |
| 29. | The "2011 Electronic Control Weapon Guidelines" relied upon as source material by Plaintiff's expert which specifies 52 specific guidelines, including the |  |

| | | |
|---|---|---|
| | recommendations that a taser "should be used no more than three cycles that should not exceed 15 seconds total."<br><br>Clark Depo., 21:11 - 23:14 | |
| 30. | Upon review of the dispatch audio, Plaintiff's expert categorized the events between the Officers and Plaintiff as "rapidly evolving", and agreed that the factual account of the plaintiff "doesn't match the time of the encounter and the time to the tasing". He also concluded it not likely Officer Coelho and Officer Melville used force, aside from potentially drawing a service weapon on the Plaintiff.<br><br>Clark Depo., 121:12 – 20; 124:23 – 125:4; Ex. A to Bates Decl. (Dispatch Audio) | |
| 31. | The Plaintiff's expert categorized Plaintiff under what Officers Herndon and Coelho described as "verbally resistive" within a category of "active resistance" within the force spectrum in the Learning Domain 20 materials used to train police officers.<br><br>Clark Depo., 92:15 – 19, 93:2 – 17 | |

3.   **Issue No. 3: Plaintiff's Fourth Cause of Action for *Monell* against Defendant City of Vallejo Fails As A Matter Of Law.**

| | | |
|---|---|---|
| **City Defendants Incorporate By Reference Undisputed Material Facts 1 – 31 As Though Fully Set Forth Herein, Only To The Extent Liability Cannot Be Established Without A Constitutional Violation** | | |
| 32. | Plaintiff served his Initial Disclosures on or about June 27, 2017, and at no point supplemented them.<br><br>Declaration of Timothy Smyth (Smyth Decl.), para. 2;<br>Exhibit A to Smyth Decl. | |

| Case No.  2:17-cv-00137-JAM-DB | DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION |
|---|---|

| | | |
|---|---|---|
| 33. | Within Plaintiff's Initial Disclosures, under Category 5 pertaining to "All Documents, Date Compilations, and Tangible Things that Plaintiff May Rely On to Support His Claims", no policies of the Vallejo Police Department were identified.<br><br>Smyth Decl., para. 3;<br>Exhibit A to Smyth Decl. | |
| 34. | Plaintiff has not produced any records or identified any witnesses in discovery which are purported to support claims under *Monell*.<br><br>Smyth Decl., para. 4;<br>Exhibit A to Smyth Decl. | |
| 35. | The only percipient depositions taken by Plaintiff were of the defendant officers, none of whom were asked and testified to being policymakers of the Vallejo Police Department.<br><br>Smyth Decl., para. 5 | |
| 36. | Plaintiff's only retained expert disclosed in this matter produced a Rule 26(a)(2)(B) report which does not include any opinion that a custom or policy of the City of Vallejo was substandard in any way such that it would cause a violation of Plaintiff's constitutional rights.<br><br>Smyth Decl., para. 6;<br>Clark Deposition, 8:17 – 9:23, 38: 15 - 24;<br>Exhibit G to Smyth Decl. (Exhibit 2 to Clark Deposition, see page 4 – 6, "Opinions Thus Far"). | |
| 37. | Plaintiff has also not produced any discovery pertaining to prior incidents of alleged misconduct by the Defendants, or Vallejo Police Officers generally.  No documents or witnesses have been identified to support such an argument. | |

Case No.  2:17-cv-00137-JAM-DB   DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION

-10-

| | | |
|---|---|---|
| | Smyth Decl., para. 7; Exhibit A to Smyth Decl. | |
| 38. | Plaintiff has not identified any authorized policymakers with the City's police department, has not identified any document which would indicate any facts underlying this incident were reviewed for constitutional violations, and cannot show any departmental decisions based upon the underlying conduct which would indicate the City ratified unconstitutional behavior.<br><br>Smyth Decl., para. 8; Exhibit A to Smyth Decl. | |

4.  **Issue No. 4:   Plaintiff's State Law Claims Fail As A Matter Of Law.**

| CITY DEFENDANTS' UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| **City Defendants Incorporate By Reference Undisputed Material Facts 1 – 31 As Though Fully Set Forth Herein, Only To The Extent Liability Cannot Be Established Without A Constitutional Violation.** | |

DATED:  August 6, 2019                          Respectfully submitted,

                                                      */s/ Timothy R. Smyth*
                                                      TIMOTHY R. SMYTH
                                                      Assistant City Attorney
                                                      Attorney for Defendants,
                                                      CITY OF VALLEJO,
                                                      ROBERT HERNDON, JAMES MELVILLE,
                                                      and JOSEPH COELHO