CLAUDIA M. QUINTANA
City Attorney, SBN 178613
**BY: TIMOTHY R. SMYTH**
Deputy City Attorney, SBN 258661
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA  94590
Tel:    (707) 648-4545
Fax:    (707) 648-4687
Email: timothy.smyth@cityofvallejo.net

Attorneys for Defendants, CITY OF VALLEJO,
ROBERT HERNDON, JAMES MELVILLE, and JOSEPH COELHO

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| JASON ANDERSON,<br><br>               Plaintiff,<br><br>vs.<br><br>CITY OF VALLEJO, a municipal corporation; ROBERT HERNDON, individually and in his capacity as a Police Corporal for the Vallejo Police Department, individually and in his capacity as a Police Corporal for the Vallejo Police Department; JAMES MELVILLE, individually and in his capacity as a Officer for the Vallejo Police Department; JOSEPH COELHO, individually and in his capacity as a Officer for the Vallejo Police Department; and DOES 1-50, inclusive, individually, jointly and severally,<br><br>               Defendants. | Case No.  2:17-cv-00137-JAM-DB<br><br>**DECLARATION OF ROBERT HERNDON IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY PARTIAL SUMMARY JUDGMENT**<br><br>DATE:                September 10, 2019<br>TIME:                 1:30 p.m.<br>CRTRM:           6, 14th Floor<br><br>TRIAL DATE:   December 2, 2019 |

I, Robert Herndon, hereby declare as follows:

1.     I am a retired police officer formerly with the Vallejo Police Department and make this declaration from personal knowledge and would testify competently if called to do so.

2. On June 9, 2015, I was in full uniform on patrol riding a fully marked police cruiser equipped with emergency lights and sirens.

3. I have listened to the audio of radio traffic recorded by dispatch of the Vallejo Police Department attached as Exhibit A to the declaration of Andrew Bates in support of this motion. In the audio recording I am identified as "2 Paul 2". This audio is a true and correct recording of communications and audio contemporaneous with the incident as it is occurring.

4. I received a message from Officer James Melville, identified on the audio as "Tom 35", while I was responding to another traffic accident at the 3200 block of Sonoma Boulevard.

5. I joined the pursuit at approximately the 1:40 mark on the audio and positioned myself directly behind the Plaintiff.

6. Officer Coelho, identified on the audio as "2 Paul 6", arrived at approximately the 1:56 mark on the audio and positioned himself behind my cruiser in the pursuit. Officer Melville fell back to in the rear position of the pursuit behind Officer Coelho.

7. The pursuit ended at approximately the 2:20 mark on the audio at 3400 Sonoma Boulevard.

8. After Plaintiff's truck came to a stop, he immediately exited from the driver's side of the vehicle.

9. Based on the fact Plaintiff had failed to yield to Officer Melville for a traffic stop, the fact Plaintiff had not yet been searched, and that an individual exiting his vehicle in a traffic stop is highly unusual in my experience and training, I perceived Plaintiff to be a potential threat. As such, I drew my firearm and ordered Plaintiff to show his hands and to stop moving.

10. Within 20 seconds of my arrival, Plaintiff had began shouting at myself and Officer Coelho, something to the effect of "let me do my job!" This is captured on the audio at or about the 2:40 mark.

11. I observed Plaintiff continue on foot to the rear of his vehicle near a toolbox attached to his trailer. He began positioning himself into a space between his truck and the attached trailer where the toolbox was located.

12. Plaintiff began to open the toolbox at the rear of his trailer. At this time, I again ordered Plaintiff to show his hands.

13. I then observed Plaintiff begin reaching into the toolbox. Based upon Plaintiff's failure to yield, his failures to comply with lawful commands by myself and other officers, his yelling at the officers, the fact the toolbox has not been searched, and my training and experience, I believed Plaintiff to be a credible threat to my safety and the safety of the other officers present. At this time, I deployed my taser, striking the Plaintiff.

14. Plaintiff resisted the taser and it took a cycle of approximately 6 seconds for him to go down to the ground.

15. After Plaintiff went to the ground the first time, I ordered him to place his hands behind his back and to stop resisting. Plaintiff did not do so and it appeared to me he was attempting to get up instead of placing his hands behind his back as ordered. I ran a short, three-second cycle of my taser on Plaintiff at this time. I manually stopped the taser from running a full five-second cycle so as to use only enough force to effectively stop Plaintiff from getting up.

16. While this second cycle was running, I continued ordering Plaintiff to roll over and place his hands behind his back.

17. As soon as the second cycle ended it appeared to me Plaintiff again was attempting to get up and was not complying with my commands. A ran a short, two-second cycle of my taser on Plaintiff at this time. I again manually stopped the taser from running a full five-second cycle so as to use only enough force to effectively stop Plaintiff from getting up.

18. After this third cycle, Officer Coelho was able to place Plaintiff into handcuffs.

19. Plaintiff was detained approximately 20 seconds after Officer Melville messaged over the radio that Plaintiff was fighting. This was captured in the audio at the 2:59 mark.

20. After Plaintiff was in custody, I took photographs of Plaintiff's vehicle and the toolbox which Plaintiff attempted reaching into prior to me deploying my taser. Attached hereto as Exhibit A are true and correct copies of these photographs.

21. After Plaintiff was detained, I left the scene to return to the traffic accident to which I was responding. I had no further interactions with Plaintiff regarding the incident.

22. My taser device report was downloaded which includes an event log describing each taser deployment on the date of the incident. I have reviewed the device report on the day of the incident and a true and correct copy of this taser download and event log is attached hereto as Exhibit B.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Dated this 5th day of August 2019, in Vallejo, California.

                                       */s/ Robert Herndon*
                                       ROBERT HERNDON
Case No. 2:17-cv-00137-JAM-DB      DECLARATION OF ROBERT HERNDON IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY PARTIAL SUMMARY JUDGMENT

-4-

# EXHIBIT

# A





# EXHIBIT

# B

15-7252

# EVIDENCE⚡SYNC OFFLINE
## DEVICE REPORT

**ECD Information**  
**Model #:** X26  
**Serial #:** X00-066754  
**Firmware version:** USB: 06, SW: ff  

**Offline Report Date:**  
09 Jun 2015 13:17:12  
**Local Timezone:**  
Pacific Standard Time (UTC -7:00)

### Event Log

| #  | UTC Time             | Local Time           | Event | Duration | Temp  | Battery |
|----|----------------------|----------------------|-------|----------|-------|---------|
| 43 | 06/09/2015 19:33:41  | 06/09/2015 12:33:41  | FIRE  | 6s       | 30°C  | 35%     |
| 44 | 06/09/2015 19:33:47  | 06/09/2015 12:33:47  | FIRE  | 3s       | 30°C  | 35%     |
| 45 | 06/09/2015 19:33:49  | 06/09/2015 12:33:49  | FIRE  | 2s       | 30°C  | 35%     |
| 46 | 06/09/2015 20:16:21  | 06/09/2015 13:16:21  | SYNC  | 06/09/2015 20:34:57 to 06/09/2015 20:16:21 | | |