LAW OFFICES OF JOHN L. BURRIS
JOHN L. BURRIS, Esq., (SBN 69888)
LATEEF H. GRAY, Esq., (SBN 250055)
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
lateef.gray@johnburrislaw.com

LAW OFFICES OF JOHN L. BURRIS
K. CHIKE ODIWE, Esq., (SBN 315109)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070
Facsimile: (510) 839-3882
chike.odiwe@johnburrislaw.com

Attorneys for Plaintiff
JASON ANDERSON

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ANDERSON,<br><br>                              Plaintiff,<br><br>        vs.<br><br>CITY OF VALLEJO, a municipal corporation;<br>ROBERT HERNDON, individually and in his<br>capacity as a Police Corporal for the Vallejo<br>Police Department; JAMES MELVILLE,<br>individually and in his capacity as a Officer for<br>the Vallejo Police Department; JOSEPH<br>COELHO, individually and in his capacity as a<br>Officer for the Vallejo Police Department; and<br>DOES 1-50, inclusive, individually, jointly<br>and severally,<br><br>                              Defendants. | Case No. 2:17-cv-00137-JAM-DB<br><br>PLAINTIFF'S RESPONSES AND<br>OBJECTIONS TO DEFENDANTS'<br>STATEMENT OF UNDISPUTED<br>MATERIAL FACTS IN SUPPORT OF<br>MOTION FOR SUMMARY JUDGMENT<br><br>Date: September 10, 2019<br>Time: 1:30 p.m.<br>Location: Courtroom 6 - 14th Floor<br>Robert T. Matsui United States Courthouse<br>501 I Street<br>Sacramento, CA  95814<br><br>**Hon. John A. Mendez** |

Pursuant to E.D. Cal. L.R. 260(b), Plaintiff Jason Anderson ("Plaintiff") submits the

following responses and objections to Defendants City of Vallejo, Officers Robert Herndon, James

Melville, and Joseph Coelho's (collectively, "Defendants") statement of undisputed material facts

in support of motion for summary judgment.

## PREFACE

There are numerous objections that Plaintiff could—and would—assert in response to nearly every alleged "undisputed material fact" identified in Defendants' statement of undisputed material facts. However, a court need not separately address each evidentiary objection in order to resolve a motion for summary judgment, where objections to evidence on the grounds that it is irrelevant, speculative, and/or argumentative, or that it constitutes an improper legal conclusion, is duplicative of the summary judgment standard itself. See, e.g., Kaur v. City of Lodi, 263 F. Supp. 3d 947, 954 (E.D. Cal. 2017); Burch v. Regents of Univ. of Cal., 433 F. Supp. 2d 1110, 1123 (E.D. Cal. 2006). However, to the extent that "[d]efects in evidence submitted in opposition to a motion for a summary judgment are waived 'absent a motion to strike or other objection,'" Fed. Deposit Ins. Corp. v. N.H. Ins. Co., 953 F.2d 478, 484 (9th Cir. 1991) (quoting Scharf v. U.S. Attorney Gen., 597 F.2d 1240, 1243 (9th Cir. 1979)), Plaintiff seeks to reserve all proper objections while, at the same time, avoid "[i]nundating the [C]ourt with detailed evidentiary objections," Burch, 433 F. Supp. 2d at 1118.

### RESPONSES AND OBJECTIONS TO STATEMENT OF UNDISPUTED MATERIAL FACTS

1. **Issue No. 1: Plaintiff's First Cause of Action for Unlawful Detention and Unlawful Seizure in Violation of the Fourth Amendment.**

| # | CITY DEFENDANTS' ALLEGED UNDISPUTED MATERIAL FACT AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSES, OBJECTIONS,  AND/OR SUPPORTING EVIDENCE |
|---|---|---|
| 1. | On June 9, 2015, Vallejo Police Officer James Melville was in full uniform on traffic patrol riding a fully marked police motorcycle equipped with emergency lights and sirens.  *Evidence:* Declaration of James Melville in Support of Motion for Summary Judgment (Melville Decl.), Para. 2. | Undisputed. |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

| # | CITY DEFENDANTS' ALLEGED UNDISPUTED MATERIAL FACT AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSES, OBJECTIONS,  AND/OR SUPPORTING EVIDENCE |
|---|---|---|
| 2. | On this day, Officer Coelho and Officer Herndon were each in full uniform on patrol driving a fully marked police cruiser equipped with emergency lights and sirens.<br><br>*Evidence:* Declaration of Robert Herndon in Support of Motion for Summary Judgment (Herndon Decl.), para. 2; Declaration of Joseph Coelho in Support of Motion for Summary Judgment (Coelho Decl.), para. 2 | Undisputed. |
| 3. | On this day the Plaintiff was hauling the vehicles for his business Anderson Auto Transport, as a "motor carrier of property", which was licensed with the California Department of Transportation.<br><br>*Evidence:* Plaintiff's Responses to Requests for Admissions, Set Two, Admission 4 and 5; Deposition of Jason Anderson (Anderson Depo.), 25:13 - 15 | Undisputed. |
| 4. | No license or trade information was displayed on the side of the vehicle on this date. | Disputed.<br>Plaintiff was never prosecuted or fined for a violation of Vehicle Code section 34507.5. (Declaration of K. Chike Odiwe ("Odiwe |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

| # | CITY DEFENDANTS' ALLEGED UNDISPUTED MATERIAL FACT AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSES, OBJECTIONS, AND/OR SUPPORTING EVIDENCE |
|---|---|---|
| | *Evidence:* Melville Decl., para. 3.;Ex. A to Herndon Decl. (Vehicle Photographs);Anderson Depo., 38:10 – 21;Ex. 1 to Anderson Depo | Decl."), Ex. 1 [Anderson Depo] at 108:21-25).<br><br>Objection: irrelevant. Defendant Melville's <u>subjective</u> beliefs about whether Mr. Anderson had a license or trade information on the side of the vehicle are not material to the <u>objective</u> Fourth Amendment inquiry. *See*, *e.g.*, *Bond v. United States*, 529 U.S. 334, 339 n.2 (2000) ("[T]he subjective intent of the law enforcement officer is irrelevant in determining whether that officer's actions violate the Fourth Amendment"); *Whren v. United States*, 517 U.S. 806, 814 (1996) ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis."). |
| 5. | While on patrol riding on Sonoma Boulevard in the City of Vallejo, Officer Melville observed what he perceived to be Plaintiff operating a commercial truck towing vehicles on a trailer without any | Disputed. Plaintiff was never prosecuted or fined for a violation of Vehicle Code section 34507.5. (Declaration of K. Chike Odiwe ("Odiwe Decl."), Ex. 1 [Anderson Depo] at 108:21- |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

| # | CITY DEFENDANTS' ALLEGED UNDISPUTED MATERIAL FACT AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSES, OBJECTIONS,  AND/OR SUPPORTING EVIDENCE |
|---|---|---|
| | business license information or trade name posted on the side of the truck, which is a violation of Vehicle Code section 34507.5.<br><br>*Evidence:* Melville Decl., para. 3.;Ex. A to Herndon Decl. (Vehicle Photographs) | 25).<br>Objection: irrelevant. Defendant Melville's <u>subjective</u> beliefs about whether Mr. Anderson was towing vehicles without any business license information on the side of the truck are not material to the <u>objective</u> Fourth Amendment inquiry. *See, e.g., Bond v. United States*, 529 U.S. 334, 339 n.2 (2000) ("[T]he subjective intent of the law enforcement officer is irrelevant in determining whether that officer's actions violate the Fourth Amendment"); *Whren v. United States*, 517 U.S. 806, 814 (1996) ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis."). |
| 6. | Officer Melville pulled up alongside Plaintiff and verbally ordered him to pull over through the window.<br><br>*Evidence:* Melville Decl., para. 4. | Undisputed. |
| 7. | Plaintiff did not pull over after Officer Melville ordered him to do so, so Officer Melville pulled behind Plaintiff and then requested backup over the dispatch radio for a failure to yield at the intersection of | Disputed.<br>Plaintiff observed that there was not an area to his right or to his left where he could safely pull his commercial truck over. Plaintiff estimated that he was one block |

| # | CITY DEFENDANTS' ALLEGED UNDISPUTED MATERIAL FACT AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSES, OBJECTIONS,  AND/OR SUPPORTING EVIDENCE |
|---|---|---|
| | Arkansas Street and Sonoma Boulevard.  *Evidence:* Melville Decl., para. 5, 6, and 7;Herndon Decl., para. 3 and 4;Coelho Decl., para. 3 and 4;Exhibit A to Declaration of Andrew Bates (Bates Decl.) (Dispatch Audio) | away from AutoLinx, his vehicle drop-off destination, when officer Melville attempted to pull him over. Plaintiff told officer Melville that he was on his way to drop off cars at AutoLinx.  Plaintiff pointed to AutoLinx and told officer Melville that he would stop at AutoLinx. (Odiwe Decl., Ex. 1 [Anderson Depo.] at 113-114:23-14).  Objection: irrelevant. Defendant Melville's subjective beliefs about whether Mr. Friday was failing to yield are not material to the objective Fourth Amendment inquiry. *See*, *e.g.*, *Bond v. United States*, 529 U.S. 334, 339 n.2 (2000) ("[T]he subjective intent of the law enforcement officer is irrelevant in determining whether that officer's actions violate the Fourth Amendment"); *Whren v. United States*, 517 U.S. 806, 814 (1996) ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis."). |
| 8. | Approximately 36 seconds later, Officer Melville communicated the pursuit proceeding through the intersection of | Disputed. Plaintiff observed that there was not an area to his right or to his left where he could |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

| # | CITY DEFENDANTS' ALLEGED UNDISPUTED MATERIAL FACT AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSES, OBJECTIONS,  AND/OR SUPPORTING EVIDENCE |
|---|---|---|
| | Nebraska Street and Sonoma Boulevard with the Plaintiff refusing to pull over.<br><br>*Evidence:* Melville Decl., para. 8; Ex. A to Bates Decl. (Dispatch Audio) | safely pull his commercial truck over. Plaintiff estimated that he was one block away from AutoLinx, his vehicle drop-off destination, when officer Melville attempted to pull him over. Plaintiff told officer Melville that he was on his way to drop off cars at AutoLinx.  Plaintiff pointed to AutoLinx and told officer Melville that he would stop at AutoLinx. (Odiwe Decl., Ex. 1 [Anderson Depo.] at 113-114:23-14).<br><br>Objection: irrelevant. Defendant Melville's <u>subjective</u> beliefs about whether Mr. Friday was failing to yield are not material to the <u>objective</u> Fourth Amendment inquiry. *See, e.g.*, *Bond v. United States*, 529 U.S. 334, 339 n.2 (2000) ("[T]he subjective intent of the law enforcement officer is irrelevant in determining whether that officer's actions violate the Fourth Amendment"); *Whren v. United States*, 517 U.S. 806, 814 (1996) ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis.").<br><br>Objection: Vague and ambiguous as |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

| # | CITY DEFENDANTS' ALLEGED UNDISPUTED MATERIAL FACT AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSES, OBJECTIONS,  AND/OR SUPPORTING EVIDENCE |
|---|---|---|
| | | phrased.<br><br>Objection: irrelevant. Defendant Melville's <u>subjective</u> beliefs about whether was failing to yield are not material to the <u>objective</u> Fourth Amendment inquiry. *See*, *e.g.*, *Bond v. United States*, 529 U.S. 334, 339 n.2 (2000) ("[T]he subjective intent of the law enforcement officer is irrelevant in determining whether that officer's actions violate the Fourth Amendment"); *Whren v. United States*, 517 U.S. 806, 814 (1996) ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis."). |
| 9. | Officer Melville activated his lights and sirens for the pursuit of Plaintiff for approximately 2 minutes, which can be clearly heard over the dispatch audio at the 0:53 mark.<br><br>*Evidence:* Melville Decl., para. 9;Ex. A to Bates Decl. (Dispatch Audio) | Disputed.<br>Officer Melville did not pull off when Plaintiff began to drive. (Odiwe Decl., Ex. 1 [Anderson Depo.] at 48:6-7<br><br>Lights and sirens were only activated once Plaintiff got to the dealership and began to unload the vehicles. (Odiwe Decl., Ex. 1 [Anderson Depo.] at 48:12-18).<br><br>Objection: Vague and ambiguous as |

| # | CITY DEFENDANTS' ALLEGED UNDISPUTED MATERIAL FACT AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSES, OBJECTIONS, AND/OR SUPPORTING EVIDENCE |
|---|---|---|
| | | phrased. <br><br> Objection: immaterial and irrelevant. *See T.W. Elec. Serv., Inc.*, 809 F.2d at 630 ("A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit."). |
| 10. | Officer Herndon, identified as on the audio as "2 Paul 2", arrived at approximately the 1:40 mark on the audio and positioned himself directly behind the Plaintiff. <br><br> *Evidence:* Melville Decl., para. 10; Herndon Decl., para. 5; Ex. A to Bates Decl. (Dispatch Audio) | Disputed. <br><br> When Plaintiff exited his vehicle the officers had not arrived.  When the officers arrived, they exited with their guns drawn and pointing at Plaintiff. <br> (Odiwe Decl., Ex. 1 [Anderson Depo.] at 49:23-50:10). <br><br> Objection: Vague and ambiguous as phrased. <br><br> Objection: immaterial and irrelevant. *See T.W. Elec. Serv., Inc.*, 809 F.2d at 630 ("A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit."). |
| 11. | Officer Coelho, identified on the audio as "2 Paul 6", arrived at approximately the 1:56 mark on the audio and positioned | Disputed. <br><br> When Plaintiff exited his vehicle the officers had not arrived.  When the officers |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

| # | CITY DEFENDANTS' ALLEGED UNDISPUTED MATERIAL FACT AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSES, OBJECTIONS,  AND/OR SUPPORTING EVIDENCE |
|---|---|---|
|  | himself behind Officer Herndon's cruiser in the pursuit. Officer Melville fell back on his motorcycle to the rear position behind Officer Coelho.

*Evidence:* Melville Decl., para. 11;Herndon Decl., para. 6;Coelho Decl., para. 5;Ex. A to Bates Decl. (Dispatch Audio) | arrived, they exited with their guns drawn and pointing at Plaintiff. (Odiwe Decl., Ex. 1 [Anderson Depo.] at 49:23-50:10).

Objection: Vague and ambiguous as phrased. Objection: immaterial and irrelevant. *See T.W. Elec. Serv., Inc.*, 809 F.2d at 630 ("A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit."). |
| 12. | The pursuit ended at approximately the 2:20 mark on the audio at 3400 Sonoma Boulevard. This is approximately a half-mile away from the intersection of Arkansas Street and Sonoma Boulevard where Officer Melville originally radioed for backup.

*Evidence:* Melville Decl., para. 12;Herndon Decl., para. 7;Coelho Decl., para. 6;Ex. A to Bates Decl. (Dispatch Audio) | Disputed.

There was no pursuit, as Plaintiff observed that there was not an area to his right or to his left where he could safely pull his commercial truck over. Plaintiff estimated that he was one block away from AutoLinx, his vehicle drop-off destination, when officer Melville attempted to pull him over. Plaintiff told officer Melville that he was on his way to drop off cars at AutoLinx. Plaintiff pointed to AutoLinx and told officer Melville that he would stop at |

| # | CITY DEFENDANTS' ALLEGED UNDISPUTED MATERIAL FACT AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSES, OBJECTIONS, AND/OR SUPPORTING EVIDENCE |
|---|---|---|
| | | AutoLinx. (Odiwe Decl., Ex. 1 [Anderson Depo.] at 113-114:23-14).<br><br>Objection: Vague and ambiguous as phrased.<br>Objection: immaterial and irrelevant. *See T.W. Elec. Serv., Inc.*, 809 F.2d at 630 ("A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit."). |
| 13. | Officer Melville was not involved in handcuffing Plaintiff or placing him into custody.<br><br>*Evidence:* Deposition of James Melville (Melville Depo.), 50:25 – 51:15 | Undisputed. |
| 14. | Approximately 20 seconds after Officer Melville's message that Plaintiff was fighting over the radio, Plaintiff was detained and in custody. As soon as Plaintiff was detained, Officer Coelho transmitted a message over the radio that Plaintiff was in custody. This was captured in the audio at the 2:59 mark. | Disputed.<br>After the first tasing, Plaintiff could not move. (Odiwe Decl., Ex. 1 [Anderson Depo.] at 71:19-23).<br><br>When Plaintiff hit the ground after being tased, officers jumped on Plaintiff with their knees. (Odiwe Decl., Ex. 1 [Anderson |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

| # | CITY DEFENDANTS' ALLEGED UNDISPUTED MATERIAL FACT AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSES, OBJECTIONS,  AND/OR SUPPORTING EVIDENCE |
|---|---|---|
|  |  | Depo.] at 73:13-18). |
|  | *Evidence:* Melville Decl., para. 13;Herndon Decl., para. 19;Coelho Decl., para. 14;Ex. A to Bates Decl. (Dispatch Audio) | Plaintiff was not resisting and it only took one (1) officer to handcuff him. (Odiwe Decl., Ex. 1 [Anderson Depo.] at 77:9-17).

Objection: Vague and ambiguous as phrased.

Objection: F.R.E. 602, 701, 901. Lacks foundation and calls for speculation.

Objection: F.R.E. 801, 802. Inadmissible hearsay.

Objection: immaterial and irrelevant. *See T.W. Elec. Serv., Inc.*, 809 F.2d at 630 ("A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit."). |
| 15. | After being placed into custody, Plaintiff was transported to Kaiser for medical clearance by Officer Coelho. Once cleared, Officer Coelho transported | Undisputed. Objection: immaterial and irrelevant. *See T.W. Elec. Serv., Inc.*, 809 F.2d at 630 ("A 'material' fact is one that is relevant to an |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

| # | CITY DEFENDANTS' ALLEGED UNDISPUTED MATERIAL FACT AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSES, OBJECTIONS, AND/OR SUPPORTING EVIDENCE |
|---|---|---|
| | Plaintiff to the Vallejo Police Department.<br><br>*Evidence:* Melville Decl., para. 13; Coelho Decl., para. 15; Ex. A to Bates Decl. (Dispatch Audio) | element of a claim or defense and whose existence might affect the outcome of the suit."). |
| 16. | Subsequent to his arrest, Plaintiff was not booked in County Jail, and his car was not towed by the defendant officers.<br><br>*Evidence:* Anderson Depo., 102:1 – 8, 103:1 – 6 | Undisputed.<br>Objection: immaterial and irrelevant. *See T.W. Elec. Serv., Inc.*, 809 F.2d at 630 ("A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit."). |

2.  **Issue No. 2: Plaintiff's Third Cause Of Action For Violation Of Fourth Amendment – Excessive Force As To Each Defendant**

| # | CITY DEFENDANTS' ALLEGED UNDISPUTED MATERIAL FACT AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSES, OBJECTIONS, AND/OR SUPPORTING EVIDENCE |
|---|---|---|
| 17. | After Plaintiff's truck came to a stop, he immediately exited from the driver's side of the vehicle.<br><br>*Evidence:* Herndon Decl., para. 8; Coelho Decl., para. 7; | Disputed.<br>At some point after parking his work vehicle, Plaintiff exited the work vehicle. (Odiwe Decl., Ex. 1 [Anderson Depo.] at 49:13-19).<br>Objection: Vague and ambiguous as |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

| # | CITY DEFENDANTS' ALLEGED UNDISPUTED MATERIAL FACT AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSES, OBJECTIONS, AND/OR SUPPORTING EVIDENCE |
|---|---|---|
| | Ex. A to Bates Decl. (Dispatch Audio) | phrased.<br><br>Objection: Assumes facts not in evidence that Plaintiff immediately exited from the driver's side of the vehicle.<br><br>Objection: F.R.E. 602, 701, 901. Lacks foundation and calls for speculation.<br><br>Objection: immaterial and irrelevant. *See T.W. Elec. Serv., Inc.*, 809 F.2d at 630 ("A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit."). |
| 18. | Within 20 seconds of the Officers pulling up, Plaintiff had began shouting at the Officers something to the effect of "let me do my job!" This is captured on the audio at or about the 2:40 mark. Officer Melville radioed to dispatch that he observed fighting at that time.<br><br>*Evidence:* Melville Decl., para. 13; Herndon Decl., para. 10; | Disputed.<br>When the other officers arrived, they exited their vehicles with their guns drawn and Plaintiff was repeatedly telling them that I'm just working.<br>(Odiwe Decl., Ex. 1 [Anderson Depo.] at 49:23-50:10).<br>Objection: Vague and ambiguous as phrased.<br>Objection: F.R.E. 602, 701, 901. Lacks foundation and calls for speculation. |

| # | CITY DEFENDANTS' ALLEGED UNDISPUTED MATERIAL FACT AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSES, OBJECTIONS, AND/OR SUPPORTING EVIDENCE |
|---|---|---|
| | Coelho Decl., para. 9; Ex. A to Bates Decl. (Dispatch Audio); Deposition of Roger Clark (Clark Depo.), 121:12 – 20; 123:14 – 24; 124:8 – 22. | Objection: F.R.E. 801, 802. Inadmissible hearsay.<br><br>Objection: immaterial and irrelevant. *See T.W. Elec. Serv., Inc.*, 809 F.2d at 630 ("A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit."). |
| 19. | Based on the fact Plaintiff had failed to yield to Officer Melville for a traffic stop, the fact Plaintiff had not yet been searched, that an individual exiting his vehicle in a traffic stop is highly unusual in their respective experience and training, and Plaintiff was shouting at the officers, Officers Herndon and Coelho perceived Plaintiff to be a potential threat. As such, each drew their firearm and ordered Plaintiff to show his hands and to stop.<br><br>*Evidence:* Herndon Decl., para. 9; Coelho Decl., para. 8. | Disputed.<br>Defendant Herndon knew that Plaintiff was driving a commercial truck and he believed that Plaintiff was delivering cars. Defendant Herndon did not have any information that Plaintiff was armed or dangerous. (Odiwe Decl., Ex. 2 [Herndon Depo.] at 40:24-25; 41:1-5; 64:19-21;65:4-6; and 65:16).<br><br>Objection: immaterial. *See T.W. Elec. Serv., Inc.*, 809 F.2d at 630 ("A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit.").<br><br>Objection: irrelevant. Defendant Herndon's and Defendant Coelho's <u>subjective</u> beliefs about whether Mr. Anderson was a potential |

| # | CITY DEFENDANTS' ALLEGED UNDISPUTED MATERIAL FACT AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSES, OBJECTIONS,  AND/OR SUPPORTING EVIDENCE |
|---|---|---|
| | | threat are not material to the <u>objective</u> Fourth Amendment inquiry. *See*, *e.g.*, *Bond*, 529 U.S. at 339 n.2 ("[T]he subjective intent of the law enforcement officer is irrelevant in determining whether that officer's actions violate the Fourth Amendment"); *Whren*, 517 U.S. at 814 ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis."). |
| 20. | Officers Herndon and Coelho observed Plaintiff continue on foot to the rear of his vehicle near a toolbox attached to his trailer. He began positioning himself into a space between his truck and the attached trailer where the toolbox was located.<br><br>*Evidence:* Herndon Decl., para. 11; Coelho Decl., para. 10; Ex. A to Bates Decl. (Dispatch Audio) | Disputed.<br>Plaintiff made his way to the rear of his trailer when multiple officers arrived on the scene. Defendants Herndon and Coehlo immediately drew their firearms and aimed them at Plaintiff. The officers then commanded Plaintiff to put his hands up. (Odiwe Decl., Ex. 2 [Herndon Depo.] at 49-50:23-10; 58:18-22; and 64:16-18); (Odiwe Decl., Ex. 3 [Coelho Depo.] at 47:1-10). |
| 21. | Plaintiff began to open the toolbox at the rear of his trailer. At this time, Officers Herndon and Coelho again ordered Plaintiff to show his hands.<br><br>*Evidence:* Herndon Decl., para. 12; | Disputed.<br>Officers Herndon and Coelho never observed Plaintiff attempt to open the toolbox as Plaintiff put his hands up in order to comply with the officers commands. (Odiwe Decl., Ex. 1 [Anderson Depo.] at |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

| # | CITY DEFENDANTS' ALLEGED UNDISPUTED MATERIAL FACT AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSES, OBJECTIONS,  AND/OR SUPPORTING EVIDENCE |
|---|---|---|
| | Coelho Decl., para. 11;<br><br>Ex. A to Bates Decl. (Dispatch Audio) | 58:18-22). |
| 22. | Officers Herndon and Coelho then observed Plaintiff begin reaching into the toolbox. Around this time, Officer Herndon deployed his taser, striking the Plaintiff and causing him to fall to the ground.<br><br>*Evidence:* Herndon Decl., para. 13;<br>Coelho Decl., para. 12;<br>Ex. A to Bates Decl. (Dispatch Audio) | Disputed.<br>Officers Herndon and Coelho never observed Plaintiff begin reaching into the toolbox as Defendant Herndon tased Plaintiff while his hands were in the air in a surrender position. (Odiwe Decl., Ex. 1 [Anderson Depo.] at 59:2-24).<br><br>Objection: immaterial and irrelevant. *See T.W. Elec. Serv., Inc.*, 809 F.2d at 630 ("A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit."). Defendant Herndon and Defendant Coelho had no reason to believe that Mr. Friday was armed or threatening. (Odiwe Decl., Ex 2 [Herndon Depo.] at 40:24-25;41:1-5; 64:19-21;65:4-6; and 65:16). |
| 23. | Plaintiff resisted the taser and it took a cycle of approximately 6 seconds for him to go down to the ground.<br><br>*Evidence:* Herndon Decl., para. 14; | Disputed.<br>Plaintiff never resisted the TASER. The effect of the taser caused Plaintiff to collapse onto his back. (Odiwe Decl., Ex. 1 [Anderson Depo.] at 59:2-24). |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

| # | CITY DEFENDANTS' ALLEGED UNDISPUTED MATERIAL FACT AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSES, OBJECTIONS,  AND/OR SUPPORTING EVIDENCE |
|---|---|---|
| | Ex. B to Herndon Decl. (Taser Logs); Ex. A to Bates Decl. (Dispatch Audio) Anderson Depo, 70:1 – 14, 71:7 – 10 | |
| 24. | After Officer Herndon's taser completed its first cycle, Officers Herndon and Coelho ordered Plaintiff to roll over and place his hands behind his back. However, the officers observed the Plaintiff appear to try getting back up. Officer Herndon then ran a short, 3 second cycle on the Plaintiff. *Evidence:* Herndon Decl., para. 15; Coelho Decl., para. 13; Ex. A to Bates Decl. (Dispatch Audio) | Disputed. Defendant Herndon and Coelho never observed Plaintiff attempting to get back up After Plaintiff collapsed, multiple officers commanded him to roll over onto his stomach. Plaintiff repeatedly told the officers that he could not roll over because of the effect of the TASER deployment. Even still, Defendant Herndon continued to tase Plaintiff multiple while he was on his back and could not move. (Odiwe Decl., Ex. 1 [Anderson Depo.] at 64:4-19; 68-69:12-1; 69:3-25; and 72:22-24). |
| 25. | Officer Herndon manually stopped the taser from running a full five-second cycle so as to use only enough force to effectively stop Plaintiff from getting up. While this second cycle was running, Officer Herndon continued ordering Plaintiff to roll over and place his hands behind his back. *Evidence:* Herndon Decl., para. 15 and | Disputed. Officer Herndon never observed Plaintiff attempting to get back up. Herndon continued to cycle his TASER while Plaintiff was on the ground. (Odiwe Decl., Ex. 1 [Anderson Depo.] at 64:4-19; 68-69:12-1; 69:3-25; and 72:22-24). |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

| # | CITY DEFENDANTS' ALLEGED UNDISPUTED MATERIAL FACT AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSES, OBJECTIONS,  AND/OR SUPPORTING EVIDENCE |
|---|---|---|
| | 16; Exhibit B to Herndon Decl.; Ex. A to Bates Decl. (Dispatch Audio); Anderson Depo. 71:11 – 14; 71:23 – 72:3 | |
| 26. | As soon as the second cycle ended it appeared to Officer Herndon that Plaintiff again was attempting to get up and was not complying with his commands to roll over. He then ran a short, two-second cycle of my taser on Plaintiff. He again manually stopped the taser from running a full five-second cycle so as to use only enough force to effectively stop Plaintiff from getting up.<br><br>*Evidence:* Herndon Decl., para. 17; Exhibit B to Herndon Decl.; Ex. A to Bates Decl. (Dispatch Audio) | Disputed.<br><br>Herndon did not observe Plaintiff attempt to get up after the second cycle of the TASER ended. Herndon tased Plaintiff multiple times while he was unresisting and on the ground. (Odiwe Decl., Ex. 1 [Anderson Depo.] at 64:4-19; 68-69:12-1; 69:3-25; and 72:22-24). |
| 27. | After this third cycle, Plaintiff placed his hands behind his back and Officer Coelho was able to place Plaintiff into handcuffs.<br><br>*Evidence:* Herndon Decl., para. 18; Coelho Decl., para. 14; Exhibit B to | Disputed.<br>Multiple officers struck Plaintiff with their hands, knees, and elbows around his torso area while he was on the ground and before he was handcuffed. (Odiwe Decl., Ex. 1 [Anderson Depo.] at 74:1-24). |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

| # | CITY DEFENDANTS' ALLEGED UNDISPUTED MATERIAL FACT AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSES, OBJECTIONS,  AND/OR SUPPORTING EVIDENCE |
|---|---|---|
| | Herndon Decl.; Ex. A to Bates Decl. (Dispatch Audio) | |
| 28. | At Kaiser, where Plaintiff was taken for medical clearance, he was diagnosed only with abrasions to his right anterior shoulder area where the taser prongs made contact. Plaintiff did not complain of pain or communicate any other force techniques used on his person to the treating physician.<br><br>*Evidence:* Deposition Transcript of Eve Connolly, M.D., (Connolly Depo.), 21:10 – 22:22, 23:18 – 24:17, 38:21 – 39:8. | Undisputed.<br><br>Objection: Vague and ambiguous as phrased.<br><br>Objection: immaterial and irrelevant. *See T.W. Elec. Serv., Inc.*, 809 F.2d at 630 ("A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit."). |
| 29. | The "2011 Electronic Control Weapon Guidelines" relied upon as source material by Plaintiff's expert which specifies 52 specific guidelines, including the recommendations that a taser "should be used no more than three cycles that should not exceed 15 seconds total."<br><br>*Evidence:* Clark Depo., 21:11 - 23:14 | Undisputed.<br>Objection: Vague and ambiguous as phrased. |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

| # | CITY DEFENDANTS' ALLEGED UNDISPUTED MATERIAL FACT AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSES, OBJECTIONS, AND/OR SUPPORTING EVIDENCE |
|---|---|---|
| | | |
| 30. | Upon review of the dispatch audio, Plaintiff's expert categorized the events between the Officers and Plaintiff as "rapidly evolving", and agreed that the factual account of the plaintiff "doesn't match the time of the encounter and the time to the tasing". He also concluded it not likely Officer Coelho and Officer Melville used force, aside from potentially drawing a service weapon on the Plaintiff.<br><br>*Evidence:* Clark Depo., 121:12 – 20; 124:23 – 125:4; Ex. A to Bates Decl. (Dispatch Audio) | Disputed.<br><br>From Mr. Clark's experience with cases, taser recipients lose memory. (Odiwe Decl., Ex. 1 [Anderson Depo.] at 83:4-84:1).<br><br>Plaintiff's police practices expert, Roger Clark, testified that it is not uncommon for the recipeint of an officer involved use of force to not have an exact recollection of the duration of the time that force was applied. (Odiwe Decl., Ex. 4 [Clark Depo.] at 124:5-6).<br><br>Objection: Vague and ambiguous as phrased.<br><br>Objection: Misstates Expert Testimony |
| 31. | The Plaintiff's expert categorized Plaintiff under what Officers Herndon and Coelho described as "verbally | Disputed.<br>Roger Clark testified that under Plaintiff's version of events Plaintiff was cooperative. |

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' STATEMENT OF UNDISPUTED
MATERIAL FACTS

| # | CITY DEFENDANTS' ALLEGED UNDISPUTED MATERIAL FACT AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSES, OBJECTIONS,  AND/OR SUPPORTING EVIDENCE |
|---|---|---|
| | resistive" within a category of "active resistance" within the force spectrum in the Learning Domain 20 materials used to train police officers.<br><br>*Evidence:* Clark Depo., 92:15 – 19, 93:2 – 17 | Roger Clark also testified that under Defendants' version of events, Plaintiff was verbally resistive, not physically resistive. (Odiwe Decl., Ex. 4 [Clark Depo.] at 92:9-22).<br>Objection: Vague and ambiguous as phrased. |

**3. Issue No. 3: Plaintiff's Fourth Cause of Action for Monell against Defendant City of Vallejo**

| # | CITY DEFENDANTS' ALLEGED UNDISPUTED MATERIAL FACT AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSES, OBJECTIONS,  AND/OR SUPPORTING EVIDENCE |
|---|---|---|
| 32. | Plaintiff served his Initial Disclosures on or about June 27, 2017, and at no point supplemented them.<br><br>*Evidence:* Declaration of Timothy Smyth (Smyth Decl.), para. 2;<br>Exhibit A to Smyth Decl. | Undisputed. |
| 33. | Within Plaintiff's Initial Disclosures, under Category 5 pertaining to "All Documents, Date Compilations, and Tangible Things that Plaintiff May Rely On to Support His Claims", no policies | Disputed.<br><br>Within Plaintiff's Initial Disclosures, under Category 1, "Witnesses", Plaintiff identified "Defendants, regarding subject incident, |

| # | CITY DEFENDANTS' ALLEGED UNDISPUTED MATERIAL FACT AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSES, OBJECTIONS,  AND/OR SUPPORTING EVIDENCE |
|---|---|---|
| | of the Vallejo Police Department were identified.<br><br>*Evidence:* Smyth Decl., para. 3; Exhibit A to Smyth Decl. | department policies and discipline."<br>(Odiwe Decl., Ex. 8 Plaintiff's Initial Disclosures). |
| 34. | Plaintiff has not produced any records or identified any witnesses in discovery which are purported to support claims under Monell.<br><br>*Evidence:* Smyth Decl., para. 4; Exhibit A to Smyth Decl. | Disputed.<br><br>Within Plaintiff's Initial Disclosures, under Category 1, "Witnesses", Plaintiff identified "Defendants, regarding subject incident, department policies and discipline."<br>(Odiwe Decl., Ex. 8 Plaintiff's Initial Disclosures). |
| 35. | The only percipient depositions taken by Plaintiff were of the defendant officers, none of whom were asked and testified to being policymakers of the Vallejo Police Department.<br><br>*Evidence:* Smyth Decl., para. 5 | Undisputed. |
| 36. | Plaintiff's only retained expert disclosed in this matter produced a Rule 26(a)(2)(B) report which does not include any opinion that a custom or policy of the City of Vallejo was | Undisputed. |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

| # | CITY DEFENDANTS' ALLEGED UNDISPUTED MATERIAL FACT AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSES, OBJECTIONS, AND/OR SUPPORTING EVIDENCE |
|---|---|---|
| | substandard in any way such that it would cause a violation of Plaintiff's constitutional rights.<br><br>*Evidence:* Smyth Decl., para. 6; Clark Deposition, 8:17 – 9:23, 38: 15 - 24; Exhibit G to Smyth Decl. (Exhibit 2 to Clark Deposition, see page 4 – 6, "Opinions Thus Far"). | |
| 37. | Plaintiff has also not produced any discovery pertaining to prior incidents of alleged misconduct by the Defendants, or Vallejo Police Officers generally. No documents or witnesses have been identified to support such an argument.<br><br>*Evidence:* Smyth Decl., para. 7; Exhibit A to Smyth Decl. | Undisputed. |
| 38. | Plaintiff has not identified any authorized policymakers with the City's police department, has not identified any document which would indicate any facts underlying this incident were reviewed for constitutional violations, and cannot show any departmental decisions based upon the underlying conduct which | Denied.<br><br>None of the involved officers turned on their body cameras during the incient. (Odiwe Decl., Ex. 7-Defendant City's Response to Request for Admissions (Set One)-Response #s 14 & 15). |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

| # | CITY DEFENDANTS' ALLEGED UNDISPUTED MATERIAL FACT AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSES, OBJECTIONS,  AND/OR SUPPORTING EVIDENCE |
|---|---|---|
| | would indicate the City ratified unconstitutional behavior.<br><br>*Evidence:* Smyth Decl., para. 8; Exhibit A to Smyth Decl. | None of the involved officers received any discipline or remedial training as a result of the incident.<br>  (Odiwe Decl., Ex. 7-Defendant City's Response to Request for Admissions (Set One)-Response #s 2, 3, 4, 5, 6, 7, 8, 9, 10 & 11). |

4.   **Issue No. 4: Plaintiff's State Law Claims**

| # | CITY DEFENDANTS' ALLEGED UNDISPUTED MATERIAL FACT AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSES, OBJECTIONS,  AND/OR SUPPORTING EVIDENCE |
|---|---|---|
| | City Defendants Incorporate By Reference Undisputed Material Facts 1 – 31 As Though Fully Set Forth Herein, Only To The Extent Liability Cannot Be Established Without A Constitutional Violation. | Plaintiff Incorporates By Reference His Responses, Objections, and/or his Supporting Evidence in Response to Defendants Undisputed Material Facts 1 – 31 As Though Fully Set Forth Herein. |

Respectfully submitted,

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

August 27, 2019                    **LAW OFFICES OF JOHN L. BURRIS**


By:   */s/K. Chike Odiwe*
      K. Chike Odiwe, Esq.
      *Attorney for Plaintiff*
      JASON ANDERSON

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS**