**EXHIBIT 7**

1  **CLAUDIA M. QUINTANA**
   City Attorney, SBN 178613
2  **BY: TIMOTHY R. SMYTH**
   Deputy City Attorney, SBN 258661
3  **CITY OF VALLEJO**, City Hall
   555 Santa Clara Street, P.O. Box 3068
4  Vallejo, CA 94590
   Tel:   (707) 648-4545
5  Fax:   (707) 648-4687
6  Email: timothy.smyth@cityofvallejo.net

7  Attorneys for Defendant, CITY OF VALLEJO, ROBERT HERNDON, JAMES MELVILLE,
8  and JOSEPH COELHO

9
                    UNITED STATES DISTRICT COURT
10
       FOR THE EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION
11

12  JASON ANDERSON,                          Case No. **2:17-cv-00137-JAM-DB**

13              Plaintiff,                    **DEFENDANT CITY OF VALLEJO'S**
                                             **RESPONSE TO REQUESTS FOR**
14       vs.                                  **ADMISSION, SET ONE**

15
   CITY OF VALLEJO, a municipal
16 corporation; ROBERT HERNDON,
   individually and in his capacity as a Police
17 Corporal for the Vallejo Police Department;
   JAMES MELVILLE, individually and in his
18 capacity as an Officer for the Vallejo Police
   Department; JOSEPH COELHO, individually
19 and in his capacity as an Officer for the
   Vallejo Police Department; and DOES 1-50,
20 inclusive, individually, jointly and severally,

21
                Defendants.
22

23

24

25 **PROPOUNDING PARTY:**      Plaintiff JASON ANDERSON

26 **RESPONDING PARTY:**       Defendant CITY OF VALLEJO

27 **SET NUMBER:**             One

28

---

Case No. 2:17-cv-00137-JAM-DB                    DEFENDANT CITY OF VALLEJO'S
                                                 RESPONSE TO REQUEST FOR ADMISSION,
                                                 SET ONE

1   The Defendant has not fully completed its investigation into the facts relating to this case
2   and information and discovery in this matter is ongoing.  All the facts and issues involved in this
3   litigation may not yet be known, or if known, may not yet be fully or correctly memorialized.
4   The following responses are provided without prejudice to further discovery.  The responses set
5   forth herein are based only upon such information and writings as are in the possession of or
6   available to the Defendant at the time this response was prepared.  Discovery will continue as
7   long as permitted by statute or stipulation of the parties, and the investigation of the Defendant's
8   agents and attorneys will continue to and throughout the trial of this action.  The following
9   responses are given without prejudice to the Defendant's ability to provide further supplemental
10  responses, if necessary.

11  **REQUEST FOR ADMISSION NO. 1:**

12  Admit that Sergeant Gordon was the highest-ranking officer to arrive at the scene of the
13  INCIDENT.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

15  Responding Party objects to this request as vague as to time.  Without waving the
16  foregoing objection, Responding Party admits.

17  **REQUEST FOR ADMISSION NO. 2:**

18  Admit that Defendant Melville did not receive any discipline from the Vallejo Police
19  Department as a result of his conduct during the INCIDENT.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

21  Responding Party objects to this request as vague, ambiguous and overbroad.
22  Furthermore, Responding Party objects to the extent this request seeks confidential information
23  protected by attorney work product and attorney-client privileges. Without waving the foregoing
24  objection, Responding Party admits.

25  **REQUEST FOR ADMISSION NO. 3:**

26  Admit that Defendant Melville did not receive any remedial training from the Vallejo
27  Police Department as a result of his conduct during the INCIDENT.

28  //

---

Case No. 2:17-cv-00137-JAM-DB

DEFENDANT CITY OF VALLEJO'S
RESPONSE TO REQUEST FOR ADMISSION,
SET ONE

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

2        Responding Party objects to this request as vague, ambiguous and overbroad.
3 Furthermore, Responding Party objects to the extent this request seeks confidential information
4 protected by attorney work product and attorney-client privileges. Without waving the foregoing
5 objection, Responding Party admits.

6    **REQUEST FOR ADMISSION NO. 4:**

7        Admit that Defendant Coehlo did not receive any discipline from the Vallejo Police
8 Department as a result of his conduct during the INCIDENT.

9    **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

10        Responding Party objects to this request as vague, ambiguous and overbroad.
11 Furthermore, Responding Party objects to the extent this request seeks confidential information
12 protected by attorney work product and attorney-client privileges. Without waving the foregoing
13 objection, Responding Party admits.

14    **REQUEST FOR ADMISSION NO. 5:**

15        Admit that Defendant Coehlo did not receive any remedial training from the Vallejo
16 Police Department as a result of his conduct during the INCIDENT.

17    **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

18        Responding Party objects to this request as vague, ambiguous and overbroad.
19 Furthermore, Responding Party objects to the extent this request seeks confidential information
20 protected by attorney work product and attorney-client privileges. Without waving the foregoing
21 objection, Responding Party admits.

22    **REQUEST FOR ADMISSION NO. 6:**

23        Admit that Defendant Herndon did not receive any discipline from the Vallejo Police
24 Department as a result of his conduct during the INCIDENT.

25    **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

26        Responding Party objects to this request as vague, ambiguous and overbroad.
27 Furthermore, Responding Party objects to the extent this request seeks confidential information

28

---

Case No. 2:17-cv-00137-JAM-DB

DEFENDANT CITY OF VALLEJO'S
RESPONSE TO REQUEST FOR ADMISSION,
SET ONE

1 | protected by attorney work product and attorney-client privileges. Without waving the foregoing
2 | objection, Responding Party admits.

3 | **REQUEST FOR ADMISSION NO. 7:**

4 |     Admit that Defendant Herndon did not receive any remedial training from the Vallejo
5 | Police Department as a result of his conduct during the INCIDENT.

6 | **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

7 |     Responding Party objects to this request as vague, ambiguous and overbroad.
8 | Furthermore, Responding Party objects to the extent this request seeks confidential information
9 | protected by attorney work product and attorney-client privileges. Without waving the foregoing
10 | objection, Responding Party admits.

11 | **REQUEST FOR ADMISSION NO. 8:**

12 |     Admit that Sgt. Gordon did not receive any discipline from the Vallejo Police
13 | Department as a result of his conduct during the INCIDENT.

14 | **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

15 |     Responding Party objects to this request as vague, ambiguous and overbroad.
16 | Furthermore, this request seeks information which is not reasonably calculated to lead to the
17 | discovery of admissible evidence as Sgt. Gordon is not and has never been a party to this action.
18 | Responding Party further objects to the extent this request seeks confidential information
19 | protected by attorney work product and attorney-client privileges. Without waving the foregoing
20 | objection, Responding Party admits.

21 | **REQUEST FOR ADMISSION NO. 9:**

22 |     Admit that Sgt. Gordon did not receive any remedial training from the Vallejo Police
23 | Department as a result of his conduct during the INCIDENT.

24 | **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

25 |     Responding Party objects to this request as vague, ambiguous and overbroad.
26 | Furthermore, this request seeks information which is not reasonably calculated to lead to the
27 | discovery of admissible evidence as Sgt. Gordon is not and has never been a party to this action.
28 | Responding Party further objects to the extent this request seeks confidential information

1  protected by attorney work product and attorney-client privileges. Without waving the foregoing

2  objection, Responding Party admits.

3  **REQUEST FOR ADMISSION NO. 10:**

4      Admit that no member of the Vallejo Police Department received any remedial training

5  from the Vallejo Police Department as a result of the INCIDENT.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

7      Responding Party objects to this request as vague, ambiguous and overbroad.

8  Furthermore, this request seeks information which is not reasonably calculated to lead to the

9  discovery of admissible evidence and is duplicative with Requests 2 through 9.  Responding

10  Party further objects to the extent this request seeks confidential information protected by

11  attorney work product and attorney-client privileges. Without waving the foregoing objection,

12  Responding Party admits.

13  **REQUEST FOR ADMISSION NO. 11:**

14      Admit that no member of the Vallejo Police Department received any discipline from the

15  Vallejo Police Department as a result of the INCIDENT.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

17      Responding Party objects to this request as vague, ambiguous and overbroad.

18  Furthermore, this request seeks information which is not reasonably calculated to lead to the

19  discovery of admissible evidence and is duplicative with Requests 2 through 9.  Responding

20  Party further objects to the extent this request seeks confidential information protected by

21  attorney work product and attorney-client privileges. Without waving the foregoing objection,

22  Responding Party admits.

23  **REQUEST FOR ADMISSION NO. 13 (sic):**

24      Admit that prior to tasing Plaintiff, Defendant Herndon never gave Plaintiff a verbal

25  warning of the intended use of the taser.

26  //

27  //

28  //

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Responding Party objects to this request as vague, ambiguous and overbroad. Without waving the foregoing objection, Responding Party denies not giving warnings and commands to Plaintiff prior to deploying his taser.

**REQUEST FOR ADMISSION NO. 14:**

Admit that no member of the Vallejo Police Department activated his portable recorder during the INCIDENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Responding Party objects to this Request as vague and ambiguous as to "portable recorder". Without waving the foregoing objections Responding Party admits to no body camera footage of the incident.

**REQUEST FOR ADMISSION NO. 15:**

Admit that no member of the Vallejo Police Department activated his portable recorder prior to Plaintiff being handcuffed during the INCIDENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Responding Party objects to this Request as vague and ambiguous as to "portable recorder". Without waving the foregoing objections Responding Party admits to no body camera footage of the incident.

**REQUEST FOR ADMISSION NO. 16:**

Admit that no member of the Vallejo Police Department has been terminated for the use of excessive force in the last ten (10) years.

//
//
//
//
/
//
//

1

## RESPONSE TO REQUEST FOR ADMISSION NO. 16:

2
3
4
5
6

Responding Party objects to this request as it is vague, ambiguous, overbroad and it assumes facts and lacks foundation.  In addition, this request is not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence given the over breadth of the subject matter in this request.  Subject to the foregoing objections, responding party cannot reasonably admit or deny at this time.

7

8    DATED: June 5, 2019

Respectfully submitted,

9
10
11
12
13

TIMOTHY R. SMYTH
Deputy City Attorney
Attorney for Defendant, CITY OF VALLEJO,
ROBERT HERNDON, JAMES MELVILLE,
and JOSEPH COELHO

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No. 2:17-cv-00137-JAM-DB

DEFENDANT CITY OF VALLEJO'S
RESPONSE TO REQUEST FOR ADMISSION,
SET ONE

PROOF OF SERVICE

*Jason Anderson v. City of Vallejo, et al.*
**USDC, Eastern District, Sacramento Division, Case No. 2:17-CV-00137-JAM-DB**

I am over the age of 18 and not a party to the within entitled action. I am employed as a Legal Secretary for the City Attorney's Office, City of Vallejo and my business address is City Hall, 555 Santa Clara Street, Vallejo, California 94590.

On the date set forth below, I served the document(s) herein on all interested parties to said action by the following means:

[X] **BY MAIL:** By placing a true copy thereof, enclosed in a sealed envelope, for collection and mailing on that date following ordinary business practices, at the Office of the City Attorney, City of Vallejo, City hall, 555 Santa Clara Street, Vallejo, CA 94590, addressed as shown below. I am readily familiar with the City government's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice it would be deposited with the United States Postal Service on that same day it was placed for collection and processing, with postage thereon fully prepaid, in the ordinary course of business. Said envelope was addressed to the parties as shown below.

[ ] **BY PERSONAL SERVICE:** By causing a true copy thereof to be delivered by hand to the office of the person(s) as shown below.

[ ] **BY OVERNIGHT MAIL:** By placing a true copy thereof, enclosed in a sealed envelope, with delivery charges to be billed to the Office of the City Attorney, to be delivered by express delivery to the address(es) as shown below.

[ ] **BY FACSIMILE TRANSMISSION:** By transmitting a true copy thereof by facsimile transmission from facsimile number (707) 648-4687, to the name(s) and facsimile number(s) of the person(s) as shown below.

[ ] **BY ELECTRONIC TRANSMISSION:** By sending a true copy thereof via e-mail to the person(s) at the e-mail address(es) as shown below. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

DOCUMENT(S) SERVED:    • **DEFENDANT CITY OF VALLEJO'S RESPONSE TO REQUESTS FOR ADMISSION, SET ONE**

ADDRESSEE(S):        **SEE ATTACHED**

I certify and declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on this 5th day of June 2019, at Vallejo, California.

_____
Deena York, Declarant

PROOF OF SERVICE

*Jason Anderson v. City of Vallejo, et al.*

**USDC, Eastern District, Sacramento Division, Case No. 2:17-CV-00137-JAM-DB**

## **\*\*ATTACHMENT\*\***

JOHN L. BURRIS, ESQ.
LATEEF GRAY, ESQ.
K. CHIKE ODIWE, ESQ.
Law Offices of John L. Burris
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, CA 94621
Tel: (510) 839-5200
Fax: (510) 839-3882
E-mail: john.burris@johnburrislaw.com
       lateef.gray@johnburrislaw.com
       chike.odiwe@johnburrislaw.com

*Counsel for Plaintiff:*
*JASON ANDERSON*