**CLAUDIA M. QUINTANA**
City Attorney, SBN 178613
**BY: TIMOTHY R. SMYTH**
Deputy City Attorney, SBN 258661
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA  94590
Tel:  (707) 648-4545
Fax:  (707) 648-4687
Email: timothy.smyth@cityofvallejo.net

Attorneys for Defendants, CITY OF VALLEJO,
ROBERT HERNDON, JAMES MELVILLE, and JOSEPH COELHO

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| JASON ANDERSON,<br><br>             Plaintiff,<br><br>       vs.<br><br>CITY OF VALLEJO, a municipal corporation; ROBERT HERNDON, individually and in his capacity as a Police Corporal for the Vallejo Police Department, individually and in his capacity as a Police Corporal for the Vallejo Police Department; JAMES MELVILLE, individually and in his capacity as a Officer for the Vallejo Police Department; JOSEPH COELHO, individually and in his capacity as a Officer for the Vallejo Police Department; and DOES 1-50, inclusive, individually, jointly and severally**,**<br><br>             Defendants. | Case No. **2:17-cv-00137-JAM-DB**<br><br>*EX PARTE* **APPLICATION FOR COURT TO RECONSIDER ORDER VACATING HEARING ON DEFENDANTS' MSJ, OR ALTERNATIVELY FOR ORDER MODIFYING SCHEDULING ORDER TO ALLOW RE-FILING OF DEFENDANTS' MSJ; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION OF TIMOTHY R. SMYTH** |

Defendants CITY OF VALLEJO, ROBERT HERNDON, JAMES MELVILLE, and JOSEPH COELHO ("CITY" or "Defendants") hereby move, *ex parte*, for relief from this Court's order of August 28, 2019, vacating Defendants' Motion for Summary Judgment or,

alternatively Motion for Partial Summary Judgment. Prior to submitting this application, on August 29, 2019, counsel met and conferred and this application is a result of that meeting. (Smyth Decl., para. 16)

Defendants bring this application seeking the court to reconsider its order of August 28, 2019, pursuant to Local Rule 230(j), as failure to comply with the Standing Order was inadvertent and the facts stated herein demonstrate counsel complied with the spirit of the standing order by periodically meeting and conferring with Plaintiff during the pendency of this case. Furthermore, any efforts to meet and confer further according to this court's standing order would not have resulted in any narrowing of the scope of issues raised by Defendants' MSJ.

In the alternative, Defendants request this Court extend the deadline for filing their Motion for Summary Judgment to cure any defects in filing of the motion pursuant to Rule 6(b). Good cause exists because it is in the interests of justice, and would preserve judicial resources for the Court to hear the substance of the Defendants' motion, and the degree of prejudice Defendants would suffer if they were not granted an opportunity to be heard prior to a trial would be extreme. Whereas Plaintiff has already filed a written opposition, any prejudice arguably suffered by Plaintiff would be negligible. Further, this court previously granted Plaintiff relief in extending the deadlines for expert disclosures and all discovery under similar circumstances.

Defendants' request for relief based upon this application, the accompanying Memorandum of Points and Authorities in support thereof, the Declaration of Timothy R. Smyth in support, and all records in the Court's docket.

DATED: August 29, 2019                          Respectfully submitted,


                                                            */s/ Timothy R. Smyth*
                                                            TIMOTHY R. SMYTH
                                                            Deputy City Attorney
                                                            Attorney for Defendants, CITY OF VALLEJO,
                                                            ROBERT HERNDON, JAMES MELVILLE,
                                                            and JOSEPH COELHO

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND BACKGROUND

On August 6, 2019, the Defendants filed and served a Motion for Summary Judgment, or alternatively Partial Summary Judgment ("MSJ").  (ECF No. 27).  Plaintiff filed his opposition to this Motion on August 27, 2019. (ECF No. 29).  This Court dismissed the motion and vacated the hearing on the Defendants' MSJ on August 28, 2019, citing the Court's Order regarding Filing Requirements, ECF No. 3-2, and noting that Defendants did not include a statement that this Motion was brought following a conference of counsel.  (ECF No. 31).  Prior to filing Defendants' MSJ, counsel neglected to conduct the meeting required by the standing order as the court's order was not separately labeled in the City's records, and was instead filed and labeled as a singular order identified as "Order Requiring Joint Status Report" (ECF No. 3), and was therefore not located by counsel prior to filing the MSJ.  (Declaration of Timothy R. Smyth, para. 2).  Prior to filing, counsel reviewed the Court's orders which were believed to be pertinent to the filing of motions, including the Scheduling Order (ECF No. 13) and Local Rules of the Court, and even visited the website of Judge Mendez to determine if there are any particular standing orders posted as is oftentimes the case for judges in the Eastern District, however none were posted which would impact the filing of the MSJ. (Smyth Decl., para. 3).

Defendants have made considerable other efforts to meet and confer on the issues in various forms prior to the filing of its MSJ.  This includes off-record discussions at depositions back in December, 2018, and multiple telephone conversations in the months following these depositions.  On March 19, 2019, Defendants emailed Plaintiff memorializing one of these such conversations regarding the evidence of the case.   (Smyth Decl., para. 4; Ex. A to Smyth Decl.). On April 8, 2019, Defendants emailed Plaintiff in a separate meet and confer attempt, seeking dismissal of Officer Melville given the fact no evidence exists that he used any force on Plaintiff. (Smyth Decl., para. 5; Ex. B to Smyth Decl.).  A further meet and confer email was sent and phone conversation was held on April 23, 2019, seeking a follow up on the prior discussions on the evidence and claims in an attempt to narrow the matters down.  (Smyth Decl., para. 6; Ex. C to Smyth Decl.).  Plaintiff did not provide substantive answers to these meet and confer requests,

and Defendants were then forced to issue Requests for Admission and Special Interrogatories on or about April 17, 2019, to narrow the issues regarding liability and damages. (Smyth Decl., para. 7).

The second set of Special Interrogatories on Plaintiff requesting he supplement his prior responses to written discovery based upon the evidence exchanged in this case. Defendants were interested to confirm whether Plaintiff would affirm his asserted fact allegations in the Complaint and in his deposition, now that all fact witnesses were deposed and discovery was nearly complete. (Smyth Decl., para. 8). Plaintiff responded on June 12, 2019, stating "Plaintiff does not have any further information responsive to the request" - essentially affirming the allegations in the Complaint and prior discovery responses. (Smyth Decl. para 9; Ex. D to Smyth Decl.).

In addition, Defendants issued two Rule 68 offers for judgment on May 17, 2019 to resolve this matter. (Smyth Decl., para. 10). On May 29, 2019, on the day the Rule 68 offers were set to expire, upon receiving no response, counsel for Defendants called counsel for Plaintiff to ensure they were received, and to meet and confer with Plaintiff's counsel with regard to Plaintiff's position regarding the claims and the evidence in this case. Defendants raised the arguments as asserted in its MSJ that Plaintiff's allegations are not supported by the physical evidence, to which Plaintiff's counsel did not agree. (Smyth Decl., para. 11).

Pursuant to this Court's orders regarding the Joint Mid-Litigation Statement and Cross-Motions for Summary Judgment, Defendants emailed and left voice messages to counsel for Plaintiff on July 3, 2019, inviting the parties to meet and confer on Joint Summary Judgment Motions. (Smyth Decl., para. 12; Ex. E to Smyth Decl.). Upon conveying Defendants' intention to file an MSJ, Plaintiff did not communicate in writing or by telephone any desire to meet and confer on Defendants' intended motion. (Smyth Decl., para. 13).

Plaintiff has submitted his opposition to the Defendants' MSJ. Plaintiff did not oppose the MSJ on the basis a meet and confer was not conducted, and it is accurate to state that Plaintiff would not concede the issues to be adjudicated by the MSJ given the history described above, absent the Defendants' filing of this MSJ. (Smyth Decl., para. 14). Defendants submit the only

way to resolve the Plaintiff's claims and the defenses asserted in the MSJ would be for the Court to rule upon it.

After this Court's order of August 28, 2019, Defendants emailed and left telephone messages to Plaintiff's counsel to meet and confer on this *ex parte* application, as well as the MSJ to confirm whether they would be willing to resolve any outstanding issues pursuant to the Court's standing order, including dismissal of any Defendants or any causes of action. (Smyth Decl., para. 15). On August 29, 2019, Plaintiff refused to stipulate to any of the relief sought in this application, and refused to meet and confer on the substance of the MSJ, even though Defendants stated it would be filing this application and would include these statements in the application if Plaintiff were to refuse. (Smyth Decl., para. 16). Plaintiff's stated reason for refusing to meet and confer according to the Court's standing order was that the Defendants should have done so before the MSJ was filed. (Smyth Decl., para. 17). Defendants have now satisfied any attempts to meet and confer pursuant to this court's standing orders for the MSJ, and for this *ex parte* application prior to its filing.

No other extensions to the Court's scheduling order have occurred to date which would postpone the filing of dispositive motions. (Smyth Decl., para. 18).

Good cause exists to grant this application to reconsider the Order vacating the MSJ hearing of September 10, or alternatively to grant Defendants application extending the deadline to allow them to re-file this MSJ following the dispositive motion deadline set by this Court. Any mistake made by Defendants in not completing a meet and confer prior to filing the MSJ was the result of excusable neglect, and the facts cited in this application establish Defendants made good faith efforts to meet and confer prior to filing Defendants' MSJ, although not specifically holding the meet and confer conference required by the standing order. Plaintiff would also not suffer any prejudice by reinstating the hearing.

Alternatively, good cause exists to extend the MSJ filing deadlines for this matter such that the Defendants' MSJ can be re-filed and heard as the procedural mistakes were the result of excusable neglect, and the prejudice to be suffered by Defendants would be severe whereas the prejudice to Plaintiff would be negligible given he has already filed his opposition to the MSJ.

## II. LEGAL ARGUMENT

### A. *Ex Parte* Relief in this Matter is Warranted as there is Insufficient Time for a Regularly Noticed Motion Seeking Relief.

*Ex parte* relief is warranted upon "good cause" when the moving party shows: (1) it will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and (2) it is without fault in creating the crisis that requires *ex parte* relief, or (3) that the crisis occurred as a result of excusable neglect. *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Here, the Court vacated Defendants' MSJ, which was set for hearing on September 10, 2019. If the Court were to reconsider its ruling as requested by this application, Defendants' reply papers would be due on September 3, 2019. As such, there is no time for a regularly noticed motion. Similarly, if the Court were to grant the application allowing Defendants to re-file the MSJ, the hearing on the MSJ is likely to impact the schedule for trial which is currently set for December 2, 2019, if it were heard on regular notice. As set forth in more detail herein in the sections below, the mistakes causing the need for this relief were also the result of counsel's excusable neglect. *Ex parte* relief is therefore appropriate.

### B. Good Cause Exists to Grant this Application as Defendants Have Periodically Met and Conferred on the Facts and Claims which are the Subject of Defendants' MSJ, and Not Including a Statement in the MSJ was the Result of Excusable Neglect.

"[A] district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment…" *Smith v. Massachusetts,* 543 U.S. 462, 475 (2005) (internal quotes omitted). In the Ninth Circuit, "[t]he district court is given broad discretion in supervising the pretrial phase of litigation . . . ." *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985).

Local Rule 230(j) sets forth the facts or circumstances a moving party must show in order for the Court to reconsider its prior orders:

(1) when and to what Judge or Magistrate Judge the prior motion was made;

(2) what ruling, decision, or order was made thereon;

(3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and

(4) why the facts or circumstances were not shown at the time of the prior motion.

Defendants here seek this Court to reconsider the order of Judge Mendez of August 28, 2019, which vacates the hearing on Defendants' Motion for Summary Judgment for failing to include a statement that the parties met and conferred prior to filing the MSJ.  As Defendants hope to have demonstrated herein, the failure to include this statement was the result of mistake and excusable neglect.  When filing a motion for reconsideration pursuant to Local Rule 230(j), excusable neglect is determined by the factors set forth in *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). (*See Lucero v. McDonald,* 2011 U.S. Dist. LEXIS 94619 *11-12).   Under *Pioneer*, a "determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer*, 507 U.S. at 395).  Although not an "explicit" factor, prejudice to the movant should be considered when appropriate. *Lemoge v. United States,* 587 F.3d 1188, 1195 (9th Cir. 2009).  "(E)xcusable neglect" is liberally construed, particularly where the order or judgment from which relief is sought forecloses determination on the merits of a claim. *Rodgers v. Watt*, 722 F.2d 456, 458-60 (9th Cir. 1983).

As to the first element, any prejudice to the Plaintiff here would be minimal.  Plaintiff already opposed the MSJ, so allowing the motion to resume as stated would have little to no impact on the Plaintiff.  Reconsidering the motion would also do nothing to adversely impact the case progression as this motion seeks the Court to reconsider its order vacating the hearing, which was already set.

As to the third and fourth considerations, counsel for the Defendants has made clear that this application is the result of failing to review the standing order issued by this Court which was not properly labeled in the City's records and according to the City's normal practices. It

was therefore overlooked when reviewing the Court's filing requirements. Defendants made efforts to ensure it was in compliance with the Court's orders, including reviewing Local Rules and reviewing other orders in the City's files. Defendants' efforts to comply with this Court's requirements, as well as efforts since to remedy the defect should show Defendants did not act in bad faith.

Notwithstanding the Defendants overlooking this Court's standing order, Defendants submit their meet and confer and discovery efforts in this action meet and exceed the requirements of this Court's standing orders. In the standing order, the stated purpose for the meet and confer is to:

(1) determine whether the respondent agrees that the motion has merit in whole or in part;

(2) discuss whether issues can be resolved without the necessity of briefing;

(3) narrow the issues for review by the Court; and

(4) explore the possibility of settlement before the parties incur the expense of briefing a motion.

(ECF No. 3-2; 2:15 - 19).

For many months now, Defendants have periodically met and conferred in an effort to narrow the issues to be adjudicated in this case either by dispositive motion or otherwise. Defendants' meet and confer efforts include:

- Discussing with Plaintiff's counsel the specific claims and facts alleged in this action, as well as the specific defense position and evidence contradicting the Plaintiff's claims at depositions and over the telephone (Smyth Decl., paras. 4, 6, and 11);

- Written email exchanges pertaining to specific facts and claims alleged which Defendants believed were not supported by the evidence and requesting dismissal (Smyth Decl, paras. 4, 5, 6, 11, and 12); and

- Propounding written discovery to compel Plaintiff to disclose the specific fact allegations which he intends to present should this case go to trial – including

interrogatories specifically requesting Plaintiff supplement his responses, and requests for admissions which relate to specific facts at issue in this case. (Smyth Decl., paras. 7 and 8).

Prior to the MSJ, and in an effort to potentially resolve the case, Defendants issued two Rule 68 offers of judgment on May 17, 2019. On the date of the expiry of these offers, Defendants attempted reaching out specifically for attempting to resolve this case, including discussing the facts and evidence and Defendants' intention to file an MSJ.

Based upon the additional evidence of meet and confer efforts throughout this case, as well as the fact the Plaintiff is not willing to compromise on any issues presented in the Defendants' MSJ, Defendants request this court reconsider its order vacating the hearing on Defendants' MSJ set for September 10, 2019. It is in the interests of justice and judicial economy for Defendants' MSJ to be considered on the merits to avoid the extreme prejudice that would be suffered by Defendants, and further to prevent a prolonged and inefficient trial of this case on issues that should be disposed of summarily.

### C. Good Cause Exists to Grant this Application to Extend the Filing Deadline for Defendants' MSJ, to Allow Defendants to Re-File as Defendants Originally Filed its MSJ Timely, Plaintiff Would Not be Prejudiced and Defendants would Suffer Great Hardship if the Court Were Not to Hear the MSJ on the Merits as a Result of Excusable Neglect.

Pursuant to FRCP Rule 6(b)(1)(B), Defendants alternatively request this Court extend the deadline to re-file this MSJ so as to avoid the great hardship and prejudice that would be suffered if the Court did not consider the MSJ on its merits.

The Ninth Circuit has held that, for purposes of Rule 6(b), "excusable neglect" must be determined according to the same *Pioneer* factors. *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1996) (citing *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 n.4 (9th Cir. 1996)). ("[T]his court [has] held that the Supreme Court's analysis of 'excusable' neglect in *Pioneer* is applicable to Rule 6(b)[.]"). Again, under *Pioneer*, the court weighs (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."

*Bateman supra*, 231 F.3d at 1223-24.  Although not an "explicit" factor, prejudice to the movant should be considered when appropriate. *Lemoge supra,* 587 F.3d at 1195.

As to the first element, any prejudice to the Plaintiff here would be minimal.  Plaintiff already opposed the MSJ, so allowing the Defendants to re-file the motion would not have a disparate impact.  In addition, the standing order of the Court states that failure to comply with its standing orders "will result in the dismissal, *without prejudice*, of the offending party's motion" (emphasis added).  Given that the dismissal is intended to be without prejudice, and Plaintiff already opposed the motion, it then follows that the potential for harm to Plaintiff is negligible.

Furthermore, if this application is granted, Defendants submit the motion will be identical to the motion they previously filed as Plaintiff refused to meet and confer.  On August 28, 2019, upon the Court vacating the hearing on Defendants' MSJ, counsel called and emailed Plaintiff's counsel to engage the meet and confer required by this court stating their intention to file this application and attempting to cure any procedural deficiencies.  On August 29, 2019, the parties were able to discuss the *ex parte* application and standing orders, and Plaintiff's counsel refused to meet and confer on the MSJ based upon the deadline having passed.  Defendants' counsel attempted making clear that the court's standing order states the dismissal of the MSJ is "without prejudice", so the Court may ultimately allow the MSJ to be back on calendar, however counsel still refused.  As such, Defendants now can add the following statement to the MSJ: "This motion is made following Defendants' attempt to meet and confer pursuant to the Court's standing order, which was refused by Plaintiff on August 29, 2019."

In regard to the second factor pertaining to delay in the proceedings, Defendants make this motion on an *ex parte* immediately upon learning of the mistake and upon attempting to meet and confer with counsel.  Defendants now merely seek to re-file the same motion, which Plaintiff has already opposed in its entirety, so the timelines may be truncated to accommodate the Court's schedule.  All that remains is the Defendants' reply brief in support of same.  In filing the motion originally, Defendants complied with this Court's original orders on timing of dispositive motions, filing the MSJ by August 6, 2019, with the hearing to be on September 10,

2019, at 1:30 p.m.  Additionally, the original standing order by this court ordered discovery to be completed by June 28, 2019, giving Defendants 39 days to complete its MSJ at the close of discovery.  Plaintiffs filed its *ex parte* application to modify the discovery dates in this case (ECF No. 20), which was granted on April 24, 2019, and pushed the deadline to complete all discovery to July 18, 2019.  (ECF No. 21).  This reduced the number of days for Defendants to file its MSJ to 19 days upon the close of discovery, but Defendants were still diligent in completing the MSJ by the deadline imposed by the scheduling order.

As to the proceedings generally, the only remaining matters on calendar are the pretrial conference on October 25, 2019, and Trial on December 2, 2019.  Defendants propose two alternative schedules based upon this Court's current schedule, and the fact the MSJ and Plaintiff's opposition was already completed and filed:

| MSJ Deadlines | Defendants' Proposed Dates (Truncated): | Defendants' Alternative Proposed Dates: |
|---|---|---|
| Deadline for Defendants to File MSJ | September 3, 2019 | September 3, 2019 |
| Deadline for Plaintiff to File Opposition | September 6, 2019 | September 17, 2019 |
| Deadline for Defendants to File Reply | September 10, 2019 | September 24, 2019 |
| Date of hearing | September 17, 2019 | October 1, 2019 |

As to the good faith aspect to this filing, Defendants did not intend to ignore the order of this Court.  There is no advantage Defendants can be shown to have gained by not complying with the order, and Defendants have attempted to remedy the problem as soon as it became known.  Regardless, Defendants submit Plaintiff would not have agreed to compromise on any facts, claims, or arguments to narrow the issues to be determined by Defendants' MSJ. Defendants have undertaken efforts to narrow the scope of issues to be determined in good faith, including targeted discovery requests in which Plaintiff affirmed an unwillingness to compromise.  Indeed, the efforts taken by Defendants leading up to the close of discovery were undertaken for the very purposes stated in the court's standing order to narrow the issues to be decided in the MSJ, and potentially settle the case.

The prejudice to be suffered by Defendants if the Court does not grant this application cannot be overstated.  Defendants consist of four parties – three of whom are individuals and one of which is the City.  Plaintiff seeks a considerable sum of damages in this action, and it is the Defendants' position a considerable number of claims should be disposed of summarily.  This Court's willingness to consider the MSJ on the merits would also have a great impact on the prospects of settlement of the case.  Additionally, considering the Defendants' MSJ on the merits would reduce the number of issues to be determined at trial if settlement cannot be reached.

**III.  CONCLUSION**

Given that good cause exists for the relief sought by the Defendants, and absent any prejudice to the Plaintiff, this court should grant this application to reconsider its order vacating the hearing on Defendants' MSJ, and reinstate the hearing set for September 10.  Alternatively, this court should grant this application to modify the scheduling order to allow Defendants to re-file the MSJ by September 3, with all associated hearing dates to be modified as proposed herein, or to any other date the Court believes to be in the interests of justice.

DATED:  August 29, 2019                                Respectfully submitted,

                                      */s/ Timothy R. Smyth*
                                      TIMOTHY R. SMYTH
                                      Deputy City Attorney
                                      Attorney for Defendants, CITY OF VALLEJO, ROBERT HERNDON, JAMES MELVILLE, and JOSEPH COELHO