**CLAUDIA M. QUINTANA**
City Attorney, SBN 178613
**BY:  TIMOTHY R. SMYTH**
Deputy City Attorney, SBN 258661
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA  94590
Tel:    (707) 648-4545
Fax:    (707) 648-4687
Email: timothy.smyth@cityofvallejo.net

Attorneys for Defendants, CITY OF VALLEJO,
ROBERT HERNDON, JAMES MELVILLE, and JOSEPH COELHO

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| JASON ANDERSON,<br><br>                  Plaintiff,<br><br>         vs.<br><br>CITY OF VALLEJO, a municipal corporation; ROBERT HERNDON, individually and in his capacity as a Police Corporal for the Vallejo Police Department, individually and in his capacity as a Police Corporal for the Vallejo Police Department; JAMES MELVILLE, individually and in his capacity as a Officer for the Vallejo Police Department; JOSEPH COELHO, individually and in his capacity as a Officer for the Vallejo Police Department; and DOES 1-50, inclusive, individually, jointly and severally,<br><br>                  Defendants. | Case No.  **2:17-cv-00137-JAM-DB**<br><br>**DECLARATION IN SUPPORT OF *EX PARTE* APPLICATION FOR COURT TO RECONSIDER ORDER VACATING HEARING ON DEFENDANTS' MSJ, OR ALTERNATIVELY FOR ORDER MODIFYING SCHEDULING ORDER TO ALLOW RE-FILING OF DEFENDANTS' MSJ** |

I, Timothy R. Smyth, declare and state:

        1.      I am an attorney-at-law licensed to practice in the State of California and I am a Deputy City Attorney in the Vallejo City Attorney's Office.  I am the attorney responsible for

handling the defense of this matter on behalf of the City of Vallejo and Officers Herndon, Coelho, and Melville.  I have personal knowledge of the matters set forth in this Declaration, except where stated on information and belief, and could and would competently testify to them under oath if called as a witness.

2.     Prior to filing Defendants' Motion for Summary Judgment, counsel neglected to conduct the meeting required by the standing order as the court's order was not separately labeled in the City's records, and was instead filed and labeled as a singular order identified as "Order Requiring Joint Status Report" (ECF No. 3), and was therefore not located by counsel prior to filing the MSJ.

3.     Prior to filing, counsel reviewed the Court's orders which were believed to be pertinent to the filing of motions, including the Scheduling Order (ECF No. 13) and Local Rules of the Court, and even visited the website of Judge Mendez to determine if there are any particular standing orders posted as is oftentimes the case for judges in the Eastern District, however none were posted which would impact the filing of the MSJ.

4.     Defendants have made considerable other efforts to meet and confer on the issues in various forms prior to the filing of its MSJ.  This includes off-record discussions at depositions in back in December, 2018, and multiple telephone conversations in the months following these depositions.  On March 19, 2019, Defendants emailed Plaintiff memorializing one of these such conversations.  Attached as Exhibit A is a true and correct copy of an email sent by Defendants' counsel memorializing one such conversation to meet and confer on the evidence in this matter.

5.     On April 8, 2019, Defendants emailed Plaintiff in a separate meet and confer attempt, seeking dismissal of Officer Melville given the fact no evidence exists that he used any force on Plaintiff.  Attached hereto as Exhibit B is a true and correct copy of the email sent by Defendants' counsel in an attempt to meet and confer.

6.     On April 23, 2019, a further meet and confer email was sent and phone conversation was held seeking a follow up on the prior discussions on the evidence and claims in

---

1
2
an attempt to narrow the matters down. Attached hereto as Exhibit C is a true and correct copy of the email sent by Defendants' counsel in an attempt to meet and confer.

3
4
5
7.      Plaintiff did not provide substantive answers to these meet and confer requests, and on April 17, 2019, Defendants were then forced to issue Requests for Admission and Special Interrogatories to narrow the issues regarding liability and damages

6
7
8
9
10
8.      The second set of Special Interrogatories on Plaintiff requesting he supplement his prior responses to written discovery based upon the evidence exchanged in this case. Defendants were interested to confirm whether Plaintiff would affirm his asserted fact allegations in the Complaint and in his deposition, now that all fact witnesses were deposed and discovery was nearly complete.

11
12
13
9.      Plaintiff responded on June 12, 2019, stating "Plaintiff does not have any further information responsive to the request".  Attached hereto as Exhibit D is a true and correct copy of the Plaintiff's Responses to Defendants Special Interrogatories, Set Two.

14
15
10.     In addition, Defendants issued two Rule 68 offers for judgment on May 17, 2019, to resolve this matter.

16
17
18
19
20
21
11.     On May 29, 2019, on the day the Rule 68 offers were set to expire, upon receiving no response, counsel for Defendants called counsel for Plaintiff to ensure they were received, and to meet and confer with Plaintiff's counsel with regard to Plaintiff's position regarding the claims and the evidence in this case.  Defendants raised the arguments as asserted in its MSJ that Plaintiff's allegations are not supported by the physical evidence, to which Plaintiff's counsel did not agree.

22
23
24
25
26
12.     Pursuant to this Court's orders regarding the Joint Mid-Litigation Statement and Cross-Motions for Summary Judgment, Defendants emailed and left voice messages to counsel for Plaintiff on July 3, 2019, inviting the parties to meet and confer on Joint Summary Judgment Motions.  Attached hereto as Exhibit E is a true and correct copy of the email from Defendants to Plaintiff's counsel inviting the parties to meet and confer on Joint Summary Judgment Motions.

27
28

13.     Upon conveying Defendants' intention to file a MSJ, Plaintiff did not communicate in writing or by telephone any desire to meet and confer on Defendants' intended motion.

14.     Plaintiff has submitted his opposition to the Defendants' MSJ.  Plaintiff did not oppose the MSJ on the basis a meet and confer was not conducted, and it is accurate to state that Plaintiff would not concede the issues to be adjudicated by the MSJ given the history described above, absent the Defendants' filing of this MSJ.

15.     After this Court's order of August 28, 2019, Defendants emailed and left telephone messages to Plaintiff's counsel to meet and confer on this *ex parte* application, as well as the MSJ to confirm whether they would be willing to resolve any outstanding issues pursuant to the Court's standing order, including dismissal of any Defendants or any causes of action.

16.     On August 29, 2019, Plaintiff refused to stipulate to any of the relief sought in this application, and refused to meet and confer on the substance of the MSJ, even though Defendants stated it would be filing this application and would include these statements in the application if Plaintiff were to refuse.

17.     Plaintiff's stated reason for refusing to meet and confer according to the Court's standing order was that the Defendants should have done so before the MSJ was filed.

18.     No other extensions to the Court's scheduling order have occurred to date which would postpone the filing of dispositive motions.


Executed on this 29th day of August, 2019, at Vallejo, California.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.


 */s/ Timothy R. Smyth*
Timothy R. Smyth

# EXHIBIT A

**Timothy Smyth**

| From: | Timothy Smyth |
| Sent: | Tuesday, March 19, 2019 4:29 PM |
| To: | 'Chike Odiwe'; Deena York |
| Cc: | Lateef Gray |
| Subject: | RE: Anderson v. City of Vallejo: Case No.: 2:17-cv-00137-JAM-DB: Production of Defendants Internal Affairs Files and Personnel Files |

Dear Mr. Odiwe,

Thank you for taking my call earlier. I wanted to briefly summarize what we discussed for the record. I am gathering documents now including the training of the 3 involved officers, as well as job description information as previously discussed. Our prior production did not include any IA records as I understand there were no responsive records that fell within the time frame and scope we previously agreed to produce. I agreed to inquire again with the VPD to confirm as much to ensure there was no confusion with regard to the scope and time frame sought.

In the meantime, we ask that you advise as soon as you can regarding any additional witnesses to the incident and evidence you may intend to produce at trial in this matter. If you do not intend to produce any additional witnesses at trial, however, please let us know so we can forego the time/cost in pursuing further witness depositions.

Thank you very much. If you have any questions please do not hesitate to let me know.

Sincerely,

_____

Timothy R. Smyth | Deputy City Attorney II
*City of Vallejo | City Attorney's Office*
*(707) 648-5420 | timothy.smyth@cityofvallejo.net*

**From:** Chike Odiwe <chike.odiwe@johnburrislaw.com>
**Sent:** Thursday, March 7, 2019 1:56 PM
**To:** Timothy Smyth <Timothy.Smyth@cityofvallejo.net>; Deena York <Deena.York@cityofvallejo.net>
**Cc:** Lateef Gray <Lateef.gray@johnburrislaw.com>
**Subject:** Anderson v. City of Vallejo: Case No.: 2:17-cv-00137-JAM-DB: Production of Defendants Internal Affairs Files and Personnel Files

Mr. Smyth,

I write this e-mail as part of Plaintiff's ongoing effort to meet and confer concerning the City of Vallejo's failure to produce significant documents pursuant to Plaintiff's Request for Production of Documents, Set Two. More specifically, Plaintiff seeks the immediate production of the internal affairs files and personnel files of Officers Melville, Herndon, and Coelho. As it relates to personnel files, Plaintiff seeks files that concern the defendant officers employment application, training duties, performance evaluations, mental condition, physical condition, and fitness for duty.

On August 15, 2018, Plaintiff's counsel sent you a meet and confer letter outlining his concerns with Defendant's document production. In said letter, Plaintiff's counsel made it clear that we are entitled to the production of Defendants internal affairs histories as being relevant to this litigation under the guidance of *Soto* and *Hampton*. On August 22, 2018, in response to Plaintiff's meet and confer letter, you stated that the City is

willing to produce relevant citizen complaints and internal affairs investigations of the defendant officers within 5 year of the subject incident to the present. You further stated that the City is willing to produce job duties of a Vallejo Police Officer as well as the training histories of the defendant officers.

Please take notice that we are formally requesting that the City promptly produce all of the relevant documents responsive to Plaintiff's Request for Production of Documents, Set Two as well as the documents counsel specifically advised that the City is willing to produce.

If you have any questions or concerns related to this matter please feel free to contact us.


--
K. Chike Odiwe
Attorney
Law Offices of John L. Burris
7677 Oakport Street, Suite 1120
Oakland, CA 94621
Telephone: (510) 839-5200
Facsimile:  (510) 839-3882
Website:  www.johnburrislaw.com

"CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information or otherwise be protected by law. Any access, use, disclosure or distribution of this email message by anyone other than the intended recipient(s) is unauthorized and prohibited. If you are not an intended recipient (or an agent acting on an intended recipient's behalf), please contact the sender by reply e-mail and immediately destroy all copies of the original message. Virus scanning is recommended on all email attachments."

****************** This is an EXTERNAL EMAIL. Stop and think before clicking links or opening attachments.
*******************

# EXHIBIT B

**Timothy Smyth**

| | |
|---|---|
| **From:** | Timothy Smyth |
| **Sent:** | Monday, April 8, 2019 5:07 PM |
| **To:** | 'Chike Odiwe' |
| **Cc:** | 'Lateef Gray'; Deena York |
| **Subject:** | RE: Anderson v. City of Vallejo: Case No.: 2:17-cv-00137-JAM-DB: Production of Defendants Internal Affairs Files and Personnel Files |

Dear Mr. Odiwe,

I am preparing a supplemental production for you per our prior discussions on this matter.  I had a quick inquiry though regarding Officer Melville.  The testimony provides that Officer Melville did not get involved when Mr. Anderson was being arrested, so I wanted to meet and confer regarding his personnel records.  At this point it does not make sense to produce records of complaints of excessive force as to Officer Melville since I do not know of any evidence suggesting Melville put a hand on your client.  However, if you still intend to pursue excessive force against him please let us know the grounds and we will go ahead and prepare what we have under the protective order.

Thank you very much.

Sincerely,

Timothy R. Smyth | Deputy City Attorney II
City of Vallejo | City Attorney's Office
(707) 648-5420 | timothy.smyth@cityofvallejo.net

**From:** Timothy Smyth
**Sent:** Tuesday, March 19, 2019 4:29 PM
**To:** 'Chike Odiwe' <chike.odiwe@johnburrislaw.com>; Deena York <Deena.York@cityofvallejo.net>
**Cc:** Lateef Gray <Lateef.gray@johnburrislaw.com>
**Subject:** RE: Anderson v. City of Vallejo: Case No.: 2:17-cv-00137-JAM-DB: Production of Defendants Internal Affairs Files and Personnel Files

Dear Mr. Odiwe,

Thank you for taking my call earlier.  I wanted to briefly summarize what we discussed for the record.  I am gathering documents now including the training of the 3 involved officers, as well as job description information as previously discussed.  Our prior production did not include any IA records as I understand there were no responsive records that fell within the time frame and scope we previously agreed to produce.  I agreed to inquire again with the VPD to confirm as much to ensure there was no confusion with regard to the scope and time frame sought.

In the meantime, we ask that you advise as soon as you can regarding any additional witnesses to the incident and evidence you may intend to produce at trial in this matter.  If you do not intend to produce any additional witnesses at trial, however, please let us know so we can forego the time/cost in pursuing further witness depositions.

Thank you very much.  If you have any questions please do not hesitate to let me know.

Sincerely,

Timothy R. Smyth | Deputy City Attorney II
*City of Vallejo | City Attorney's Office*
*(707) 648-5420 | timothy.smyth@cityofvallejo.net*

**From:** Chike Odiwe <chike.odiwe@johnburrislaw.com>
**Sent:** Thursday, March 7, 2019 1:56 PM
**To:** Timothy Smyth <Timothy.Smyth@cityofvallejo.net>; Deena York <Deena.York@cityofvallejo.net>
**Cc:** Lateef Gray <Lateef.gray@johnburrislaw.com>
**Subject:** Anderson v. City of Vallejo: Case No.: 2:17-cv-00137-JAM-DB: Production of Defendants Internal Affairs Files and Personnel Files

Mr. Smyth,

I write this e-mail as part of Plaintiff's ongoing effort to meet and confer concerning the City of Vallejo's failure to produce significant documents pursuant to Plaintiff's Request for Production of Documents, Set Two. More specifically, Plaintiff seeks the immediate production of the internal affairs files and personnel files of Officers Melville, Herndon, and Coelho. As it relates to personnel files, Plaintiff seeks files that concern the defendant officers employment application, training duties, performance evaluations, mental condition, physical condition, and fitness for duty.

On August 15, 2018, Plaintiff's counsel sent you a meet and confer letter outlining his concerns with Defendant's document production. In said letter, Plaintiff's counsel made it clear that we are entitled to the production of Defendants internal affairs histories as being relevant to this litigation under the guidance of *Soto* and *Hampton*. On August 22, 2018, in response to Plaintiff's meet and confer letter, you stated that the City is willing to produce relevant citizen complaints and internal affairs investigations of the defendant officers within 5 year of the subject incident to the present. You further stated that the City is willing to produce job duties of a Vallejo Police Officer as well as the training histories of the defendant officers.

Please take notice that we are formally requesting that the City promptly produce all of the relevant documents responsive to Plaintiff's Request for Production of Documents, Set Two as well as the documents counsel specifically advised that the City is willing to produce.

If you have any questions or concerns related to this matter please feel free to contact us.

--
K. Chike Odiwe
Attorney
Law Offices of John L. Burris
7677 Oakport Street, Suite 1120
Oakland, CA 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
Website: www.johnburrislaw.com

"CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information or otherwise be protected by law. Any access, use, disclosure or distribution of this email message by anyone other than the intended recipient(s) is unauthorized and prohibited. If you are not an intended recipient (or an agent acting on an intended recipient's behalf), please contact the sender by reply e-mail and immediately destroy all copies of the original message. Virus scanning is recommended on all email attachments."

****************** This is an EXTERNAL EMAIL. Stop and think before clicking links or opening attachments.
******************

**EXHIBIT C**

## Timothy Smyth

| | |
|---|---|
| **From:** | Timothy Smyth |
| **Sent:** | Tuesday, April 23, 2019 11:37 AM |
| **To:** | Chike Odiwe |
| **Cc:** | Lateef Gray; Deena York; Kelly Trujillo |
| **Subject:** | RE: Jason Anderson v. City of Vallejo: Extension of Expert Disclosure Deadline |

Good morning Chike,

I was in Court this morning so I apologize for not getting back to you until now.  How long did you need?  I am amenable to modifying the discovery dates so long as we have time to depose the experts and thereafter have time for our dispositive motion.

Also, hopefully you received the supplemental production and disclosures.  In the meantime, let me know your position on Melville.  The reports and testimony are that he was not involved in any force or the arrest, so we see no reason for him to still be in the case.  It also would make citizen complaints as to excessive force irrelevant as to him.

We also discussed disclosing additional witnesses you intend to use to support your case.  Let me know if you have an update.  Alternatively, let us know you do not have additional witnesses and we can proceed on that basis.

Thank you very much.

Sincerely,

Timothy R. Smyth | Deputy City Attorney II
*City of Vallejo* | *City Attorney's Office*
*(707) 648-5420* | *timothy.smyth@cityofvallejo.net*

**From:** Chike Odiwe <chike.odiwe@johnburrislaw.com>
**Sent:** Tuesday, April 23, 2019 8:21 AM
**To:** Timothy Smyth <Timothy.Smyth@cityofvallejo.net>; Deena York <Deena.York@cityofvallejo.net>
**Cc:** Lateef Gray <Lateef.gray@johnburrislaw.com>
**Subject:** Jason Anderson v. City of Vallejo: Extension of Expert Disclosure Deadline

Counsel,

It appears that a docketing error caused our office to calendar the wrong date for the Expert Disclosure Deadline. As such, we intend to seek relief from the Court. Would you be amenable to a stipulation that would briefly extend the disclosure deadline?

--
K. Chike Odiwe
Attorney
Law Offices of John L. Burris
7677 Oakport Street, Suite 1120
Oakland, CA 94621
Telephone: (510) 839-5200

Facsimile:  (510) 839-3882
Website: www.johnburrislaw.com

"CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information or otherwise be protected by law. Any access, use, disclosure or distribution of this email message by anyone other than the intended recipient(s) is unauthorized and prohibited. If you are not an intended recipient (or an agent acting on an intended recipient's behalf), please contact the sender by reply e-mail and immediately destroy all copies of the original message. Virus scanning is recommended on all email attachments."

***************** This is an EXTERNAL EMAIL. Stop and think before clicking links or opening attachments. *******************

**EXHIBIT D**

1   JOHN L. BURRIS, ESQ., SBN 69888
    LATEEF H. GRAY, ESQ., SBN 250055
2   K. CHIKE ODIWE, ESQ., SBN 315109
    LAW OFFICES OF JOHN L. BURRIS
3   Airport Corporate Centre
    7677 Oakport Street, Suite 1120
4   Oakland, California 94621
    Telephone: (510) 839-5200
5   Facsimile: (510) 839-3882
    john.burris@johnburrislaw.com
6   lateef.gray@johnburrislaw.com
    chike.odiwe@johnburrislaw.com
7

8   Attorneys for Plaintiff
    JASON ANDERSON
9

RECEIVED

JUN 17 2019

CITY ATTORNEY'S OFFICE
CITY OF VALLEJO

10              UNITED STATES DISTRICT COURT

11            EASTERN DISTRICT OF CALIFORNIA

12   JASON ANDERSON,                    Case No. 2:17-cv-00137-JAM-DB

13

14                         Plaintiff,   PLAINTIFF'S RESPONSES TO
                                        DEFENDANTS' SECOND SET OF SPECIAL
15        vs.                           INTERROGATORIES

    CITY OF VALLEJO, a municipal
16   corporation; ROBERT HERNDON,
    individually and in his capacity as a Police
17   Corporal for the Vallejo Police Department;
    JAMES MELVILLE, individually and in his
18   capacity as a Officer for the Vallejo Police
    Department; JOSEPH COELHO,
19   individually and in his capacity as a Officer
    for the Vallejo Police Department; and
20   DOES 1-50, inclusive, individually, jointly
    and severally,
21

22                         Defendants.

23

24   PROPOUNDING PARTY:    DEFENDANTS, CITY OF VALLEJO, ROBERT
25                         HERNDON, JAMES MELVILLE, and JOSEPH COELHO

26   RESPONDING PARTY:     PLAINTIFF, JASON ANDERSON

27   SET NO.:              Two

28

_The Law Offices of John L. Burris_
_7677 Oakport Street, Suite 1120_
_Oakland, California 94621_
_Telephone: (510) 839-5200_

1

The Law Offices of John L. Burris
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PRELIMINARY STATEMENT

It should be noted that the Responding Party has not concluded its investigation in this action and has therefore not completed its discovery of all relevant facts relating to the case and has not completed its preparation for Trial.  All Responses herein are based only upon such information and documents that are currently available to and specifically known to this Responding Party, and disclose only those contentions which currently occur to this Responding Party.  It is anticipated that further discovery, independent and expert investigations, legal research, and analyses will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to and change to, and variations in the contentions herein set forth.  The following Responses are given without prejudice to this Responding Parties right to produce evidence of any subsequently discovered fact or facts which this party may later recall.

Responding Party, accordingly, reserves the right to change any and all Responses herein as additional facts are ascertained, investigation and analyses are made, legal research is concluded, and contentions are made.  The Responses contained herein are a made with a good faith effort to supply as much factual information as is presently known, but should in no way prejudice this Responding Party in relation to further discovery, research, and analysis.

## RESPONSES

### SPECIAL INTERROGATORY NO. 19.:

For each unqualified admission to the Requests for Admission by defendants submitted concurrently herewith, please state all facts which support YOUR response.

### RESPONSE TO SPECIAL INTERROGATORY NO. 19:

Plaintiff objects to this request on the basis that it is vague, ambiguous, and overbroad. Plaintiff also objects to this request on the grounds that it is unduly burdensome to Plaintiff to represent the full extent of the facts that support his claim. Responding Party further objects to this Request to the extent that it seeks information protected by the applicable privacy rights of the parties and any other person. Plaintiff also objects to this request on the grounds that it calls for

information protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request on the basis that it calls for speculation. Moreover, Plaintiff objects to this interrogatory as unintelligible and nonsensical.   Plaintiff conducted a reasonable inquiry and the information known or readily obtainable may not be sufficient to enable a complete response. Specifically subject to and without waiving the foregoing and in the spirit of providing adequate discovery responses:

Plaintiff does not have any documents in his custody evidencing his lost income as a result of the incident.

Plaintiff was working as a "motor carrier of property" as defined in Vehicle Code section 34601 when he was transporting vehicles to AutoLinx on the day of the incident.

Plaintiff obtained a carrier identification number from the California Department of Motor Vehicles prior to operating his work vehicle on the day of the incident.

Plaintiff reserves the right to amend his response to this interrogatory.

## SPECIAL INTERROGATORY NO. 20.:

For each unqualified admission to the Requests for Admission by defendants submitted concurrently herewith, please IDENTIFY each and every PERSON who has knowledge of the facts that support YOUR response.

## RESPONSE TO SPECIAL INTERROGATORY NO. 20:

Plaintiff objects to this request on the basis that it is vague, ambiguous, and overbroad. Responding Party further objects to this Request to the extent that it seeks information protected by the applicable privacy rights of the parties and any other person. Plaintiff also objects to this request on the grounds that it calls for information protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request on the basis that it calls for speculation. Plaintiff conducted a reasonable inquiry and the information known or readily obtainable may not be sufficient to enable a complete response. Moreover, Plaintiff objects to this interrogatory as unintelligible and nonsensical.   Specifically subject to and without waiving the foregoing and in the spirit of providing adequate discovery responses: Plaintiff asserts that he has

The Law Offices of John L. Burris
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200

knowledge of the facts supporting his unqualified admissions.

Plaintiff reserves the right to amend his response to this interrogatory.

**SPECIAL INTERROGATORY NO. 21.:**

Please review your prior responses to interrogatories and requests for production of documents and update all responses to which you previously stated you intended to supplement upon receipt or discovery of further evidence to support that response.

**RESPONSE TO SPECIAL INTERROGATORY NO. 21:**

Plaintiff objects to this request on the basis that it is vague, ambiguous, and overbroad. Responding Party further objects to this Request to the extent that it seeks information protected by the applicable privacy rights of the parties and any other person. Plaintiff also objects to this request on the grounds that it calls for information protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request on the basis that it calls for speculation. Plaintiff conducted a reasonable inquiry and the information known or readily obtainable may not be sufficient to enable a complete response. Specifically subject to and without waiving the foregoing: Plaintiff does not have any further information responsive to this request.

Plaintiff reserves the right to amend his response to this interrogatory.

Dated:  June 12, 2019                                    Law Offices of John L. Burris

                                                        ___/s/ K. Chike Odiwe_____
                                                        K. Chike Odiwe, Esq.,
                                                        Attorney for Plaintiff

The Law Offices of John L. Burris
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200

4

**The Law Offices of John L. Burris**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200

1

## CERTIFICATE OF SERVICE

2          *Anderson v. City of Vallejo.*

3  **STATE OF CALIFORNIA, COUNTY OF ALAMEDA:\**
          I am a citizen of the United States and employed in the county aforesaid; I am over the
4  age of eighteen years, and not a party to the within action; My business address is 7677 Oakport
5  Street, Suite 1120, Oakland, California 94621.  On the date below, I served on the named parties
   and /or counsel of record:
6

7  Timothy Smyth, Esq.,
   **Vallejo City Attorney's Office**
8  555 Santa Clara Street
   Vallejo, CA 94590-5922
9

10
   The following documents in the manner checked below:
11

12  **PLAINTIFF'S RESPONSES TO DEFENDANTS SPECIAL INTERROGATORIES, SET**
    **TWO**
13

14  ☒  **(VIA MAIL -- CCP §§ 1013(a), 2015.5)** By placing a true copy thereof enclosed in a sealed envelope(s),
       addressed as above, and placing each for collection and mailing on that date following ordinary business
15     practices.  I am readily familiar with my firm's business practice of collection and processing of
       correspondence for mailing with the U.S. Postal Service and correspondence placed for collection and
16     mailing would be deposited in the U.S. Postal Service at Oakland, California, with postage thereon fully
       prepaid, that same day in the ordinary course of business.
17
    ☐  **(VIA PERSONAL DELIVERY -- CCP §§ 1011, 2015.5)** By placing a true copy thereof enclosed in a
18     sealed envelope(s), addressed as above, and causing each envelope(s) to be hand delivered on that day by
       , in the ordinary course of my firm's business practice.
19
    ☐  **VIA E-MAIL or ELECTRONIC TRANSMISSION -- CCP §§ 1013(e), 2015.5, CRC 2008)** Based on a
20     court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused
       the document to be sent to the persons at the e-mail address(es) or the facsimile number listed above. I am
21     readily familiar with my firm's business practice of collection and processing of correspondence via
       facsimile transmission(s) and any such correspondence would be transmitted in the ordinary course of
22     business.  The facsimile transmission(s) was reported as complete and without error, and a copy of the
       transmission report is attached..
23
    ☐  **(VIA OVERNIGHT MAIL/COURIER -- CCP §§ 1013(e), 2015.5)**  By placing a true copy thereof
24     enclosed in a sealed envelope(s), addressed as above, and placing each for collection by overnight mail
       service or overnight courier service.  I am familiar with my firm's business practice of collection and
25     processing of correspondence for overnight mail or overnight courier service, and my correspondence
       placed for collection for overnight delivery would, in the ordinary course of business, be delivered to an
26     authorized courier or driver authorized by the overnight mail carrier to receive documents, with delivery
       fees paid or provided for, that same day, for delivery on the following business day.

27

28

1

        I declare that I am employed in the office of a member of the bar of this court at whose
2  direction the service was made.  Executed on **June 12, 2019**, at Oakland, California.

3

4                                                    Jarrett Griffith, Clerk

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**The Law Offices of John L. Burris**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200

**EXHIBIT E**

**Timothy Smyth**

| | |
|---|---|
| **From:** | Timothy Smyth |
| **Sent:** | Wednesday, July 3, 2019 2:36 PM |
| **To:** | Chike Odiwe; Lateef Gray |
| **Cc:** | Deena York (Deena.York@cityofvallejo.net) |
| **Subject:** | Anderson v. COV - Joint Mid-Litigation Statement |
| **Attachments:** | 00156669.docx |

Dear Mssrs. Gray and Odiwe,

I write regarding the Joint Mid-Litigation Statement we need to file in this matter.  I note the deadline as tomorrow, which is a bit problematic given the holiday.  I quickly threw together the attached.  Please review and add/revise as you see fit.

In addition, we are supposed to meet and confer regarding whether we are to be filing cross-MSJs.  If you intend to file a MSJ for any purpose please let me know so we can meet and confer on this subject.  I believe we need to include a statement in the attached with regard to "Future Motions" if you intend to do so, as well as notify the Court by Tuesday regarding the cross-MSJs.

Thank you very much.

Sincerely,

Timothy R. Smyth | Deputy City Attorney II
City of Vallejo | City Attorney's Office
555 Santa Clara Street, 3rd Floor
Vallejo, CA 94590
(707) 648-5420 | timothy.smyth@cityofvallejo.net
