LAW OFFICES OF JOHN L. BURRIS
JOHN L. BURRIS, Esq., (SBN 69888)
LATEEF H. GRAY, Esq., (SBN 250055)
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
lateef.gray@johnburrislaw.com

LAW OFFICES OF JOHN L. BURRIS
K. CHIKE ODIWE, Esq., (SBN 315109)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070
Facsimile: (510) 839-3882
chike.odiwe@johnburrislaw.com

Attorneys for Plaintiff
JASON ANDERSON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ANDERSON,<br><br>                Plaintiff,<br>vs.<br><br>CITY OF VALLEJO, a municipal corporation; ROBERT HERNDON, individually and in his capacity as a Police Corporal for the Vallejo Police Department; JAMES MELVILLE, individually and in his capacity as a Officer for the Vallejo Police Department; JOSEPH COELHO, individually and in his capacity as a Officer for the Vallejo Police Department; and DOES 1-50, inclusive, individually, jointly and severally,<br><br>                Defendants. | Case No. 2:17-cv-00137-JAM-DB<br><br>DECLARATION OF LATEEF H. GRAY IN SUPPORT OF PLAINTIFF'S OBJECTION AND OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION |

Case No. 2:17-cv-00137-JAM-DB
**DECLARATION OF LATEEF H. GRAY IN SUPPORT OF PLAINTIFF'S OBJECTION AND OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION**

I, LATEEF H. GRAY, do declare and say:

1) I am an attorney licensed in the State of California and admitted to practice before the United States District Court for the Eastern District of California. My firm represents Plaintiff Jason Anderson

2) Prior to the filing of Defendants' Motion for Summary Judgment, Defendants never sought to meet and confer pursuant to the Court's order (Dkt #3-2), which was issued on January 23, 2017.

3) Defendants cite to a March 19, 2019 email (Exhibit A to Declaration of Mr. Smyth (Dkt #33-1) as evidence that Defendants were seeking to meet and confer regarding their Motion for Summary Judgment. However, this email has nothing to do with meeting and conferring for summary judgment purposes. In fact, summary judgment is not even mentioned in this email. Rather, this email pertains to Defendants' failure to produce Defendants' Internal Affairs files and whether Plaintiff would be producing any new witnesses.

4) Defendants cite to an April 8, 2019 email (Exhibit B to Declaration of Mr. Smyth (Dkt #33-1). Like the previously cited email, this email is not a meet and confer regarding Defendants' Motion for Summary Judgment. Rather, it pertains to Defendants' belief that they should not have to produce Defendant Melville's Internal Affairs file.

5) Defendants cite to an April 23, 2019 email (Exhibit C to Declaration of Mr. Smyth (Dkt #33-1), as evidence that Defendants were seeking to meet and confer regarding their Motion for Summary Judgment. However, contrary to Mr. Smyth's assertions, in that email, there is no mention of meeting and conferring on a possible motion for summary judgment. In fact, the words "summary judgment" or any such variations are not mentioned any where in the email. Other than discussing Defendants' belief that Defendant Melville should be dismissed, nowhere in this email does Mr. Smyth evidence any intent to meet and confer regarding a possible motion for summary judgment or any of the substantive issues contained in Defendants' Motion for Summary Judgment.

6) Defendants also cite to a May 29, 2019 phone call between Mr. Smyth and me.

Contrary to Mr. Smyth's assertions, the discussion centered around, whether Plaintiff would be willing to accept Defendants' Rule 68 offers, which Plaintiff declined to do.  Additionally, the only discussion about any evidence pertained to Plaintiff's medical records and Mr. Smyth's belief that the medical records corroborated Defendants' Rule 68 offers.  There was no mention of a summary judgment motion, let alone discussion about any of the substantive arguments contained in Defendants' Motion for Summary Judgment.  Simply put, none of the issues raised in Defendants' Motion for Summary Judgment were discussed during this conversation.

7)   On July 3, 2019, Defendants' Counsel, Mr. Timothy Smyth, emailed Plaintiff's counsel, and stated, "If you intend to file a MSJ for any purpose please let me know so we can meet and confer on this subject." (Smyth Decl., para 12; Ex. E to Smyth Decl.)  As Plaintiff was not intending to file a motion for summary judgment, there was no need for Plaintiff's counsel to formally respond to Mr. Smyth's email.

8)   Moreover, Plaintiff responded to Mr. Smyth's question regarding whether Plaintiff would be filing a motion for summary judgment, as in the July 3, 2019 Joint Mid-Litigation Statement (Dkt #26), **which was reviewed by and filed by Mr. Smyth**, Plaintiff was clear that the only future motions he intended to file were motions in limine.  In addition, Defendants indicated that they intended to file a Motion for Summary Judgment/Adjudication on or before August 13, 2019.

9)   Between July 4, 2019 and August 6, 2019, Defendants, with knowledge that they were filing a Motion for Summary Judgment, never contacted Plaintiff, **in any manner**, to meet and confer per this Court's order.

10)   In fact, between July 4, 2019 and August 6, 2019, when Defendants filed their Motion for Summary Judgment, the only communication between the parties was a July 25, 2019 email, with a meet and confer letter attached, from Plaintiff's counsel to Defendants' counsel regarding issues with Defendants' "unretained" experts.  Attached hereto as Exhibit A is a true and correct copy of the email sent by Plaintiff's counsel.

11)   On August 6, 2019, Plaintiff was shocked to learn that Defendants had filed their

3     2:17-cv-00137-JAM-DB

**DECLARATION OF LATEEF H. GRAY IN SUPPORT OF PLAINTIFF'S OBJECTION AND OPPOSIITION TO DEFENDANTS' EX PARTE APPLICATION**

1  Motion for Summary Judgment, as, per this Court's order, Plaintiff knew that Defendants, the
2  moving parties, were supposed to initiate an in-person meet and confer to try to resolve any issues
3  related to the Motion for Summary Judgment.  However, even though the filing was in direct
4  contravention of this Court's order, Plaintiff felt compelled to timely file an opposition, as failing
5  to do so would be akin to submitting on Defendants' motion.

6      12) On August 28, 2019, Plaintiff's counsel was in a deposition and was unable to
7  return Defense counsel's call. Contrary to what is written in the declaration accompanying the *ex*
8  *parte* application, Defense counsel's emails make no mention of "dismissal of any Defendants or
9  causes of action".  The gist of the emails is that Defendants would be reaching out to the Court for
10 ex parte relief. However, Plaintiff's counsel, in trying to operate in good faith and respond timely,
11 instructed his paralegal, Ms. Cindy Cox, to reach out to Defense counsel, Mr. Smyth, to, among
12 other things, inform him that Plaintiff's counsel would be calling him tomorrow.

13     13) On August 29, 2019, I spoke with Mr. Smyth.  During that conversation, Mr.
14 Smyth admitted that he had not met and conferred, in direct contravention of this Court's order,
15 and made it clear that he had not read this order until after the Court issued its minute order on
16 August 28, 2019 (Dkt #31).

17     14) Additionally, I informed Mr. Smyth that Plaintiff was not in a position to stipulate
18 to Defendants' request for an extension, as doing so would be prejudicial to Plaintiff.

19     15) I also told Mr. Smyth that Plaintiff was well aware of the moving party's need to
20 initiate an in-person meet and confer prior to filing a Motion for Summary Judgment and had
21 waited patiently for Defendants' counsel to initiate such a meet and confer prior to filing its
22 Motion for Summary Judgment.  I also informed Mr. Smyth that Plaintiff's counsel was ready,
23 willing and able to meet and confer, pursuant to this Court's order, prior to Defendants filing of
24 their Motion for Summary Judgment.

25     16) I reiterated to Mr. Smyth that, prior to August 6, 2019, Plaintiff's counsel was
26 waiting for Mr. Smyth to contact them regarding meeting and conferring on the Motion for
27 Summary Judgment and was wholly surprised when Defendants filed their Motion for Summary
28

**DECLARATION OF LATEEF H. GRAY IN SUPPORT OF PLAINTIFF'S OBJECTION AND
OPPOSIITION TO DEFENDANTS' EX PARTE APPLICATION**

Judgment without meeting and conferring per this Court's order.  I also informed Mr. Smyth that as the moving party, the burden was solely on Defendants to initiate the in-person meet and confer regarding the summary judgment motion.

17)  Contrary to Mr. Smyth's assertions, I never refused to meet and confer.  Instead, during the August 29, 2019 phone conversation, I told Mr. Smyth that all meet and confers regarding the Motion for Summary Judgment should have taken place before August 6, 2019.  Moreover, during this conversation, Mr. Smyth never brought up any of the substantive issues contained in the Motion for Summary Judgment and only attempted to get me to stipulate to an extension of time, which I politely declined to do.

18)  Also, during this conversation, Mr. Smyth admitted that he had neglected to respond to Plaintiff's July 23, 2019 meet and confer correspondence regarding Defendants' "unretained" experts.  Mr. Smyth indicated that he believed the issues Plaintiff raised in the letter were valid and that having one of the "unretained" experts testify to certain issues would be "cumulative" to testimony from Defendants' Police Practices Expert.

19)  During this conversation, both parties indicated a willingness to continue settlement discussions and engage in a settlement conference if need be.  I informed Mr. Smyth that I would send him a formal demand during the next week, to which Mr. Smyth indicated that he would be amenable.

20)  It should be noted that during the entirety of this litigation, the only inquiries Mr. Smyth ever made about dismissal were related to Defendant Melville.  At no point during this entire litigation did Mr. Smyth ever indicate that he would be moving to dismiss causes of action against any Defendant based on any of the substantive issues raised in Defendants' Motion for Summary Judgment.

21)  Also, Defendants strategically waited until August 6, 2019 at 6:13 p.m. to file their Motion for Summary Judgment; the last day set by this Court for dispositive motions filings and after normal business hours.  As such, Defendants should not now be rewarded for gamesmanship gone awry by being allowed any relief, including additional time, as doing so would be extremely

prejudicial to Plaintiff.

22) Additionally, no good cause exists for Defendants to be granted the requested relief.

23) For all of the aforementioned reasons, Defendants' *ex parte* application should be denied.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct and that this declaration was executed on this 1st day of September, 2019, at Oakland, California.

/s/*Lateef H. Gray*
Lateef H. Gray, Esq.
Attorney for Plaintiff